GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. BLANCHE SMITH ET AL.

Decided June 6, 1900.

### 1. Charge of Court.

It is necessary only that the court should submit to the jury the questions of fact raised by the pleadings and instruct upon the law as to the issues submitted; and where the charge, in its preliminary part, undertakes to state the substance of the matters pleaded by either party, and omits an issue that should have been determined, its submission should be specially requested in order to render such omission reversible error.

### 2. Practice on Appeal—Assignment of Error—Statement Under.

The statement under an assignment of error, treated as a proposition, is not sufficient to require its consideration under the rules where, instead of stating from the record the evidence pertaining to the proposition, a conclusion as to the effect of the evidence is stated.

### 3. Charge of Court—Contributory Negligence—Request.

A party can not complain of the failure to instruct the jury as to what was meant by contributory negligence in the charge, where no request was made for such instruction.

### 4. Same—Weight of Evidence.

A charge is properly refused as on the weight of evidence where it assumes material facts at issue in the case.

### 5. Master and Servant—Knowledge of Defect in Machinery.

The servant's knowledge of a defect in the machinery furnished him does not necessarily carry with it a knowledge of danger incident to, or attending, the defect, and, in the absence of such knowledge of the danger, does not preclude him from recovering damages incurred by reason of the defect.

### 6. Same—Inherent Defects in Construction.

Though the servant be an experienced engineer he can not be presumed to have knowledge of defects in an engine which arose from the application of mechanical principles in its construction, and he has the right to assume that the master has exercised the proper degree of care to ascertain that the engine is reasonably free from such defects, and reasonably safe for the use he is to make of it.

### 7. Assignment of Error—Statement Under Required.

Where several assignments of error complaining of the admission of different testimony are grouped together in the brief, and there is no separate statement under the several propositions asserted by them, they will not be considered.

**8.   Practice—Evidence—Harmless Error.**

Error in admitting in evidence a question and the answer thereto in a deposition is obviated where such question and answer were subsequently withdrawn, and the jury directed by the court not to consider them as evidence.

**9.   Same—Argument of Counsel.**

A judgment will not be reversed on account of the language of counsel where the jury were instructed by the court to disregard it, and it does not appear that appellant was injured or prejudiced by it.

APPEAL from Bexar.   Tried below before Hon. R. B. GREEN.

*Upson, Newton & Ward,* for appellant.

*H. C. Carter, Perry J. Lewis,* and *Lewy & Sehorn,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellees, Blanche Smith, the widow, and Alexa and Bernice Smith, the children of George C. Smith, deceased, against the appellant to recover $50,000 damages for negligently causing Smith's death.

The grounds of negligence alleged were, "that the locomotive and tender, of which George C. Smith was engineer, the derailment of which caused his death, was unusually large, high, improperly balanced, and top-heavy; that the rails upon defendant's roadbed at the place where the engine was derailed and overturned were too small and light to properly sustain such a heavy engine and tender; that such condition of the engine and tender and of the rails directly produced the derailment and overturning of the engine and the consequent death of George C. Smith, who was appellee's servant operating said engine."

Defendant answered by general demurrer and special exceptions and a general denial; that the engine and tender were new, and were designed and constructed by the Schenectady locomotive works, which possessed special skill in the construction of such things, and constructed the same for all well-equipped railroads; that in the design and construction of the same all the skill and science known were brought to bear to make the same reasonably safe for operation over appellant's line of railroad, and upon its tracks constructed with rails as it was, and in the condition it was at the time and place of said derailment; that said engine was safe for operation on said track at said time, and was equipped with all known modern and approved appliances; that the rails, ties, track, and roadbed were in safe condition; that the rails were of the best steel, the ties in perfect condition and laid on a solid bed ballasted with rock.

Appellant also plead contributory negligence on the part of said Smith, that he was running at a dangerous rate of speed in violation of his orders.   That if there was any defect in the engine, or in the track, that the said Smith knew of the same, and assumed all risk in regard thereto.

The case was tried before a jury and the trial resulted in a verdict and judgment in favor of Blanche Smith for $7500, Alexa Smith for $5125,

and Bernice Smith for $5125, amounting in the aggregate to $17,750. From which judgment this appeal is prosecuted.

We conclude that the evidence establishes the alleged relationship between the plaintiffs and George C. Smith, who was, on the 21st day of March, 1898, while in the employ of appellant as an engineer, killed by the derailment and overturning of the engine which he was then operating. The evidence is reasonably sufficient to establish that the appellant was guilty of the acts of negligence alleged by the appellees in their petition; and that such negligence, unaided by any negligence on the part of Smith proximately contributing to his injury was the direct and immediate cause of his death, on account of which appellees were damaged in the amount assessed by the verdict of the jury.

*Conclusions of Law.*—1. It was unnecessary for the court, in the preliminary part of its charge, to state the substance of the matters plead by either party. It was only necessary to submit to the jury the questions of fact raised by the pleadings, and instruct them upon the law as to the issues submitted. Railway v. Lynch, 22 Texas Civ. App., 336. If an issue was omitted which should have been determined, the appellant should have by a special charge, requested its submission.

2. The statement under appellant's second assignment, which is treated in its brief as a proposition, is not sufficient to require its consideration. The evidence pertinent to the proposition should have been stated from the record, instead of the conclusion as to its effect. An examination, however, of the statement of facts has led us to the conclusion that the evidence was sufficient to raise the issue submitted in the portion of the charge complained of.

3. There was sufficient testimony to the effect that the engine derailed was top-heavy, defective in construction, and that appellant was negligent in furnishing appellee's husband for use upon its road an engine of such defective structure, to warrant the court in submitting such matters to the determination of the jury.

4. There certainly can be no error of which appellant can complain in the court's having instructed the jury to find for the defendant in the event Smith (the deceased) was guilty of negligence which contributed to the derailment of the engine; or in the event they should find that he assumed the risk of any danger that may have contributed to such derailment. If the appellant desired the jury "advised of what was meant by contributory negligence, or what was meant by the assumption of danger that contributed to the derailment," it should have requested by special charges such advisement. In preceding paragraphs of its charge the court had properly defined negligence, and informed the jury "that it is the duty of a railroad company to use ordinary care to furnish its employes with a reasonably safe track upon which to run engines in the conduct of its business; and that the same duty rests upon

the company to use ordinary care to furnish such engines as may be run with reasonable safety upon the track which it furnishes."

5. The court did not err in refusing the special charge referred to in appellant's sixth assignment of error. The charge assumes that when the accident occurred there was a rule of the company in force which inhibited the operation of an engine over the track at the point of derailment at a greater speed than eighteen miles an hour, and is therefore on the weight of evidence. There was evidence that it was a rule of the company, applicable to the division of its road where the engine was derailed, limiting the speed of freight trains to eighteen miles per hour on all curves of over six degrees. But if the court had given the special charge, its effect would have been to tell the jury that such a rule was in force; that Smith had notice of it, and that the point of accident was on a curve of over six degrees. It was for the jury to determine the existence of such rule, whether deceased was charged with notice of it, and whether the place where the engine was derailed was at a curve exceeding six degrees.

6. What we have said in the last preceding conclusion applies with equal force to the special charge the refusal of which is made the subject of appellant's seventh assignment of error.

7. When a servant enters the employment of the master, he has the right to rely upon the assumption that the machinery, tools, and appliances with which he is called upon to work are reasonably safe, and that the business is conducted in a reasonably safe manner. He is not required to use ordinary care to see whether this has been done. He does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure and attendant risks or in the ordinary discharge of his own duty must necessarily have acquired the knowledge. Railway v. Hanning, 91 Texas, 347. The fact that Smith was an experienced engineer did not relieve the appellant of its duty to use ordinary care to furnish him with a reasonably safe engine, and to use ordinary care in the construction and maintenance of its road in order to have it in a reasonably safe condition for the operation of its engines thereupon. Nor does it charge him with knowledge of appellant's failure to use the proper care to furnish him with a reasonably safe engine, or to use proper care to keep its road in a reasonably safe condition for its operation. The only questions sought to be presented by the special charge, the failure to give which is complained of in the eighth assignment of error, proper to be submitted to the jury, were presented to the court in a light more favorable than appellant was entitled to, in the following special charge, given at appellant's request, viz.:

"If from the evidence you believe that the engine on which the said deceased was riding at the time of its derailment and the injuries were received by him which resulted in his death was defective in construction in manner and form as alleged in plaintiff's petition, or if you believe that the rails on defendant's railroad were too light to properly transport said engine, and you believe that this was the proximate cause

of deceased's injuries, then you are instructed that the deceased assumed the risks of all danger and injury that he might have received from the defects in said engine or in said rails which were patent and as open to the observation of deceased as to defendant, and he further assumed the risk of all injury of any defects in said engine or in said rails which he could have learned by the exercise of that ordinary circumspection which a prudent man would use under the same or similar circumstances."

It has been repeatedly held that a knowledge of a defect does not necessarily carry with it a knowledge of danger; and that, therefore, if the employe had knowledge of a defect, or was charged with knowledge of it, because obvious, but was ignorant of the danger incident to and attending the defect, he is not precluded from recovering damages incurred by reason of such defect. Railway v. Hughes, 22 Texas Civ. App., 134; Railway v. Parrish, 40 S. W. Rep., 191; City of Hillsboro v. Jackson, 18 Texas Civ. App., 325; Railway v. Lehmberg, 75 Texas, 63.

8. The charge, the refusal of which is complained of in the eighth assignment, is upon the weight of evidence, in that it assumes that Smith had operated an engine over that part of appellant's road when the accident occurred for more than a month previous to his death, whereas the evidence does not incontrovertibly establish the matter thus assumed as a fact. Besides, the charge refused, if given, would have defeated appellee's right to recover if the alleged defects in the engine and railway track were obvious to her husband, without regard to the question of whether he was acquainted with the danger incident to such defects.

9. There was no error in the court's refusal to instruct the jury at appellant's request that under the rules of the company it was the duty of the deceased to have inspected the engine before using it, and that if the jury should believe from the evidence its derailment was caused from defects therein, or in the construction thereof, that plaintiff can not recover. The rules of the company upon which the instruction is predicated have no reference to defects in the mechanical construction of an engine, but relate only to repairs made since it was built, and the condition of certain parts of the engine or its appliances. An engineer can not be presumed to have knowledge of defects in an engine which arose from the application of mechanical principles in its construction. He has a right to assume that his master has exercised the proper degree of care to ascertain that it is reasonably free from defects in its construction, and to assume that, for the use he is employed to make of it, it is reasonably safe.

10. There was no error in the court's refusal to charge the jury "that if they believed from the evidence that the engine upon which the deceased Smith was riding at the time of the derailment was top-heavy, or unequally balanced, or that if the boiler thereof was unduly elevated above the rails, and that such condition of the engine was the proximate cause of deceased's injuries, then the defective conditon of the engine was open to observation, and to find for defendant." What we have

said in the conclusion last above, and in the seventh, is sufficient to demonstrate the impropriety of giving such an instruction, and that the court did not err in refusing to give the special charge incorporated in the twelfth assignment of error.

11. The objection of appellee to our consideration of the thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth assignments of error is well taken. They are all presented together in appellant's brief; each complains of the admission of different testimony, and requires a separate statement under the several propositions asserted by them. It is obvious that the rules prescribed by the Supreme Court for briefing causes have not been observed by appellant in regard to these assignments. Therefore they will not be considered.

12. The testimony of the witness Dullnig, complained of in the eighteenth, nineteenth, twentieth, twenty-first, and twenty-second assignments of error, is not obnoxious to the objections urged by the assignments.

13. It is claimed by the twenty-third assignment of error that the court erred in permitting counsel for plaintiff to read in evidence the following cross-interrogatory to the defendant's witness, John S. Sullivan: "Is it not a fact that the company has but recently sent out circular letters for its engineers to sign, stating that their big engines are safe?" to which the witness answered: "The company has recently sent out circular letters for its engineers to sign, stating that these big engines are safe," because said answer is immaterial and irrelevant to any issue in the case, and tends to prejudice defendant's case before the jury.

We are not prepared to hold, in view of the fact that as many as forty of appellant's engineers testified upon the trial to the effect that the engine in question was safe, it being one of the big ones to which reference is made in the interrogatory and answer complained of, that the answer of Sullivan was not admissible as evidence tending to discredit the testimony of the engineers, in that they may have been prepared and induced by the circular letters sent them by appellant to give such testimony. However, if the cross-interrogatory and answer were inadmissible, they were subsequently withdrawn, and the jury directed by the court not to consider them as evidence. This renders it unnecessary for us to pass upon the admissibility of the evidence, for if it was error to admit it, the error was obviated.

14. There is no merit in the twenty-fourth assignment of error. The cross-interrogatories were directed to matters pertinent to the issues involved in the case, and the court properly held that they could be read, not as evidence, but for the purpose of eliciting the answers. Upon objection of appellant's counsel, the answers were not read. The court then instructed the jury not to consider for any purpose any interrogatories they had heard read, when answers had not been given to them. We can not see an error in reading interrogatories which were designed to elicit relevant testimony, but if perchance it is an error, it was cured

by the court's action in directing the jury not to consider the interrogatories for any purpose.

15.  There was no error in the court's allowing appellee's counsel to ask the question and in admitting the answer to it in evidence of the witness Shaw which is complained of in appellant's twenty-fifth assignment of error.

16.  The jury having been instructed by the court to disregard the language of appellees' counsel complained of in the twenty-sixth assignment of error, the judgment should not be reversed on account of such language, it not appearing that appellant was in any way injured or prejudiced by it.  Paschal v. Owens, 77 Texas, 583; Railway v. Duelim, 23 S. W. Rep., 596.

17.  Our conclusions of fact dispose of the assignments which complain of the insufficiency of the evidence to support the verdict, and of its being excessive, adversely to appellant.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.