St. Louis Southwestern Railway Company of Texas v.
W. J. Mayfield.

Decided January 23, 1901.

**Master and Servant—Assumed Risk—Knowledge of Danger.**
Plaintiff, an employe, was engaged in removing cinders, using a wheelbarrow which he trundled across a temporary bridge of three planks recently constructed there by the foreman for that purpose. Because the ends of the planks were not secured, they slipped, causing plaintiff, who did not know of such defect, to fall and be injured. Held, that it was a question of fact for the jury, and not of law, as to whether plaintiff should be charged with knowledge of the defect.

Appeal from Titus. Tried below before Hon. J. M. Talbot.

*Glass, Estes & King* and *Sam H. West,* for appellant.

*Humphrey & McLean, W. P. McLean, Jr., B. Ralston,* and *Sheppard, Jones & Sheppard,* for appellee.

JAMES, Chief Justice.—The action was to recover damages for personal injuries sustained by appellee in appellant's service. He alleged that he was set to work removing cinders from one part of defendant's premises to another, across a bridge that had been constructed by defendant for the purpose. That said bridge had been constructed over iron water pipes which had been used by defendant and which had been laid by defendant on the ground and which could not be crossed by plaintiff in removing the cinders in a wheebarrow without being bridged over. That while engaged in pushing the wheelbarrow with cinders over this bridge, a portion of the bridge gave way and fell, thereby overturning the wheelbarrow and causing plaintiff to fall and become injured. That the bridge gave way because it had not been properly constructed and provided with supports necessary to make it a safe crossing for plaintiff in performing his work. Plaintiff alleged he did not know of any defect or danger in the structure, and makes allegations of negligence on defendant as the cause of his injuries, and the absence of negligence on his part.

Defendant pleaded general denial, and that the condition of the bridge as to danger, etc., was apparent and known to plaintiff; that he had equal means with defendant to know of any danger therein; that he assumed the risk, and was guilty of contributory negligence. Verdict for plaintiff.

From testimony in the record it appears that plaintiff was working for defendant at the pumphouse at Mount Pleasant, and under direction of its foreman was engaged in moving cinders as above indicated. Plaintiff first used a bridge with two pieces of plank which he had securely constructed over the water pipes, about twenty feet below where he was hurt. On May 4, 1899, while plaintiff was doing some other

work on the place, the foreman took these planks and built the bridge at a place about twenty feet away, where plaintiff was afterwards hurt. This new bridge was built by placing one end of a plank about seven to ten feet long on the ground, and the other end on a pipe; and the same way with the other plank on the opposite side. He then took a plank about six inches wide and laid it between the ends of the planks which rested on the middle pipe to level the bridge on top of the pipes. He did not fasten the ends of the planks on top of the pipes. The ends resting on the ground were imbedded in the ground, and could not slip back. There was nothing to secure the ends of the planks on top of the pipes, which could have been done, as testified to by plaintiff, by nailing a strip underneath from one plank to the other, or to have driven stobs down by the planks in the lower side, or by building the bridge where there was a union of these pipes and making a shoulder out of the sleeves and collars, as plaintiff testified he had done with the one he built. Plaintiff testified that he did not know that the planks had not been made secure in some way; that Mr. Adams, the foreman, built the bridge and directed him to use it in rolling cinders, and he assumed that it was safe and all right; did not examine underneath to see, and there was nothing about it that led him to believe that it was unsafe, and it was after he was hurt that he found there was nothing to keep the planks from slipping. That he began using this bridge late in the evening of May 4th, and rolled about half a dozen barrows over it that evening, and next morning about 7 he began again and worked until he was injured, between 9 and 10 o'clock that morning, by one of the planks slipping and causing him to fall. His details of the manner and results of his injuries need not be stated her. It does not conclusively appear that the accident was due to the condition of the wheelbarrow, nor that it was negligently handled.

Appellant's tenth asignment of error is the only one presented in its brief. We here copy it: "The court errer in overruling defendant's motion for a new trial on the tenth ground set out therein, because the verdict of the jury is contrary to and unsupported by the evidence. Because the undisputed facts show that the bridge was reasonably safe for the purposes for which it was used. That it was constructed of sound and substantial material. That plaintiff's foreman, Adams, could not have anticipated or foreseen a probable injury to plaintiff by the slipping of the plank sideways. That the bridge was only eighteen inches high at the highest point, and was open to the view of plaintiff, and the plaintiff knew, and had the means of knowing, as much of its condition and construction and the probability of its slipping as the foreman, Adams. The bridge did not slip and cause the fall of plaintiff on account of any fault in his construction or in the material used, but on account of a wheelbarrow and the surging of Mayfield thereon. All of which could not have been foreseen or anticipated by the foreman, Adams. And all as more fully set out and specified in defendant's tenth ground of its motion for a new trial."

The only respect in which there could be any reasonable claim that the verdict was contrary to the evidence, is in the contention that under the testimony plaintiff must be held to have known the actual condition of the bridge, and of the danger from which he received his injury.

The testimony fairly and reasonably admits of a finding therefrom that plaintiff did not know the defective condition of the bridge, and it can not be said that in the ordinary discharge of his duty he necessarily must have known of it. Railway v. Hannig, 91 Texas, 34. He did not construct the bridge, and his use of it had been of brief duration up to the time of his injury. It was not his duty to inspect it; that duty devolved on the master, and ordinarly he would have the right to assume that the master had exercised reasonable care to make it safe for the purposes of the work. Whether he should be held to have known of its defects under all the circumstances was a question of fact and not of law.

It is true that cases arise in which the servant is charged with knowledge of apparent defects and dangers. For example, such rule has been applied in respect to tools with which the servant works. These he handles and constantly sees, and it can be said that he must necessarily know their state as to defects that are obvious. Wacksmuth v. Shaw, 76 N. W. Rep., 497. There may be, and probably are, other cases wherein the employe would be held to have known the danger. But the rule is not applicable to the facts of this case. The several propositions of law advanced in appellant's brief are sound, but under the evidence here they can be applied only in connection with issues of fact, which must have been properly submitted, as there is no complaint in this respect.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.