GULF, COLORADO & SANTA FE RAILWAY COMPANY v. F. B. GRAY. ·

Decided January 26, 1901.

**1.—Master and Servant—Assumed Risk—Charge.**

Where plaintiff, a locomotive fireman, was injured while out on the side of a moving engine for the purpose of placing an oil can, by being crushed against a coal bin that had bulged out too near the track, a charge upon assumed risk was not erroneous in failing to instruct that if plaintiff knew of the dangerous proximity of the coal bin, he assumed the risk and could not recover,—the evidence tending to show that it was not customary, nor was it the fireman's duty to go along the side of the engine in replacing oil cans while the engine was in motion.

**2.—Same—Assumed Risk and Contributory Negligence Confused.**

It was error, however, to charge, in effect, that if plaintiff knew of the coal bin and its dangerous proximity to the track, such knowledge would not prevent a recovery if he was at the time in the exercise of reasonable care for his own safety, but that such knowledge might be considered in determining whether he was guilty of contributory negligence—since the charge confused the doctrine of assumed risk and that of contributory negligence, and made the master's right of exemption depend wholly on the general law of contributory negligence.

**3.—Same—Same.**

If the engine was started towards the bin from a point only about fifty feet distant therefrom, and plaintiff thereafter undertook, by going out on the side of the engine, to replace the can, with knowledge of the bin's dangerous proximity to the track, he assumed the risk, although a reasonably careful and prudent man might have supposed that he could arrange the can and return to the cab in time to avoid the danger.

**4.—Same.**

But if plaintiff undertook to replace the can while the engine was standing still, and the engineer, without warning and without plaintiff's knowledge, suddenly and swiftly approached the point of danger, and plaintiff was without contributory negligence, he would be entitled to recover, notwithstanding he may have known of the defect in the bin and may have remained in the employment of the master.

Hunter, Associate Justice, dissenting.

Appeal from Tarrant. Tried below before Hon. Irby Dunklin.

*J. W. Terry* and *West, Smith & Chapman,* for appellant.

*Wynne, McCart & Bowlin* and *George A. Carden,* for appellee.

CONNER, CHIEF JUSTICE.—For the purposes of this opinion the following statement taken from the brief of appellant is deemed sufficient:

"While appellee was on the side of an engine tank for the purpose of placing an oil can, he was caught between the side of the moving tank and a coal bin parallel with the track. He based his right to recover on the ground that the coal bin had been permitted to bulge out from its proper position, and that the engineer was guilty of negligence in starting the engine without warning and fast speed. The defense was general denial; that the plaintiff had long since known or ought to have known of the condition of the coal bin, and assumed the risk thereof, and con-

tributory negligence in assuming an unnecessarily dangerous position. The defendant pleaded the defense of assumption of risk and of contributory negligence in separate and distinct paragraphs of its answer. There was a verdict and judgment for the appellee for $10,000. Appellant's motion for a new trial on the same grounds as are now assigned as error, was overruled. This appeal has been prosecuted in due course."

There was evidence tending to show that the "bulge" in the coal bin projected to within 4¼ to 6½ inches from the side of a passing tender or engine tank, on the side of which, while passing, it would be obviously dangerous for a person to remain, that is, there is evidence from which the jury might have so found; that it had been permitted to remain in this condition five or six months, during which time appellee had passed it very frequently; that the engineer on the engine in question and other employes of appellant in and about the yards knew of this condition, although appellee testified that he did not. It was appellee's duty as fireman, among other things, to take from and replace in a box attached to the side of the tender certain oil cans containing supplies of oil with which to oil the engine. Going to and from the cab of the engine to this box it was necessary to take one or more steps beyond the cab upon a projection or projections along the side of the tender, and, while doing so, secure the position with one hand holding to its top. This duty was generally performed, however, at times when the engine was standing still. Appellee testified that on the occasion of the injury, while the engine was standing still, he stepped out in the manner detailed as necessary to replace an oil can, when the engineer suddenly and without warning started the engine along the track passing the coal bin, and with great speed ran the intervening distance, some 50 feet, by reason of which appellee was crushed between said "bulge" and tank and seriously injured. The testimony of the engineer and a switchman or brakeman in the cab at the time, however, tended to show that the speed of the engine was moderate, and that appellee was inside of the cab at the time the same was started, and must have gone along the side of the tender as testified by him between the time of the starting and the time of the injury.

The charge of the court is criticised in the assignments of error, in that it is insisted that the court misdirected the jury on the issue of assumed risk plead by appellant as one of its defenses. We think this criticism can be best illustrated by the following quotation from the tenth and eighth paragraphs of the court's charge:

"10b. If you believe the defendant was guilty of negligence in allowing the bulge in the coal bin testified about, to remain as it was for the length of time it had, and that the plaintiff knew or had theretofore known of the bulge, then, while such knowledge on the part of the plaintiff would not prevent the plaintiff from recovering for an injury, if any, caused thereby, if the plaintiff was at the time in the exercise of reasonable care for his own safety, yet the fact, if it was a fact, that the

plaintiff knew or had known of the bulge in the coal bin, may be considered by the jury, together with the other evidence, and given such weight as you believe it entitled to, if any, in determining whether the plaintiff was guilty of negligence in remaining in the defendant's service, or in doing the acts he did at the time he did, or in conducting himself as he did at the time he was injured."

"8. The plaintiff in accepting employment from the defendant as a locomotive fireman assumed the ordinary risks incident to the nature and character of the business in which he was engaged, that is, the ordinary risks incident to the position as fireman upon an engine of a railway train, and for injury due to or the result of such ordinary risks there can be no recovery. But in assuming such ordinary risks plaintiff did not assume the risk of danger from negligence of the defendant, and did not preclude himself from the right to recover for any injuries, if any, not the result of such ordinary risks, but due to and resulting from negligence, if any, on the part of the defendant railway company, but for such, if any, he could recover; unless the plaintiff was also guilty of negligence which caused or contributed to cause the injury."

It is first insisted that if appellee knew of the bulge in the coal bin and of the danger, or might have known the same by the exercise of ordinary care, and without promise on the part of the employer to remedy the same continued in his employment, as a matter of law he assumed the risk incident to the defective condition named, and can not recover for any injury resulting therefrom. While the rule has been so stated frequently in the authorities, we are not willing to apply it under the peculiar facts of this case. There was evidence tending to show that it was not customary, nor was it appellee's duty, to go along the side of the engine tank in procuring and replacing oil cans as mentioned while the engine was in motion. While in motion, appellee's place of duty was ordinarily within the engine cab, in which situation no danger was to be apprehended by passing along side the defective coal bin; and under such circumstances he should not be held to have necessarily assumed a risk not arising within the scope of his duty. Wood, Mast. and Servt., 2 ed., sec. 327.

The next proposition submitted under the assignment made to the court's charge is that: "Where the defective condition complained of was open and obvious and patent to ordinary observation, the employe was chargeable with notice thereof, and assumed the risk." This proposition is established by abundant authority. We think it apparent from the charges of the court quoted that the doctrine of assumed risk and that of contributory negligence was confused, or rather, perhaps, that the right of the master to exemption from the results of his negligence was made to depend solely upon the general law of contributory negligence. If correct in this conclusion, it follows that there was an affirmative misdirection of the jury as to the law of the case. The jury were instructed, in effect, that if appellee knew of the "bulge" (and if he did, the evidence tended to show that he must have known of its dangerous prox-

imity to the track), then such knowledge would not prevent the appellee from recovering, if he was at the time in the exercise of reasonable care for his own safety, but that such knowledge might be considered with other evidence in determining whether appellee was guilty of contributory negligence as alleged. This view is supported by some of the authorities. Sherman & Redfield, in their work on the Law of Negligence, fourth edition, sections 208, et seq., insist that the rule is "that the exemption of masters from liability to servants, for injuries caused by defects which the servants knew or ought to have known, is founded solely upon the general law of contributory negligence, and therefore that the liability or exemption of a master in such cases must be determined by reference to that law," giving an able review of many authorities. We think, however, by the decisions of this State binding upon us a distinction must be made between the doctrines of assumed risk and contributory negligence. With exception not necessary to be noticed, there are two kinds of risks that an employe is held to assume: (1) those ordinarily arising out of the character of his employment and not induced by negligence on the part of his employer; (2) those risks and dangers that are obvious or known to the employe. In this latter case, however careful and prudent he may be in the performance of his duties, he assumes the risk of any injury resulting from the obvious defect, even though the negligence of the employer may have been the efficient cause of the defect, situation or danger. In these instances the law has given no right of action against the master at all. In cases of contributory negligence, however, the general right of recovery for injuries caused by the negligence of the employer is recognized, and may in fact be said to be comprehended within its very terms, but the contributory negligence of the injured employe is affirmative matter of defense that may be interposed by the master to defeat the operation of the general rule, and to relieve him from the ordinary consequences of his negligence. See Railway v. Bradford, 66 Texas, 732, quoted by the Supreme Court with approval in the case of Crawford v. Railway, 89 Texas, 89; Railway v. Conroy, 83 Texas, 214; Railway v. Somers, 78 Texas, 439; Railway v. Bingle, 9 Texas Civ. App., 322; Railway v. Schwabbe, 1 Texas Civ. App., 573; Green v. Cross and Eddy, 79 Texas, 132; Railway v. Somers, 71 Texas, 700; Railway v. Bryant (by this court), 8 Texas Civ. App., 134; Ely v. Railway, 15 Texas Civ. App., 511 (in which writ of error was refused); Railway v. Hohl, 29 S. W. Rep., 1131.

If, therefore, the jury should find, as there was evidence tending to show, that after the engineer started his engine in the direction of the coal bin in question, appellee undertook to replace the oil can in question with knowledge of the bulge in the coal bin and of its dangerous proximity to the track, he assumed the risk of the injuries resulting therefrom, notwithstanding evidence that tended to show that a reasonably careful and prudent man might have supposed that he could arrange the oil cans and return to the cab in time to avoid the danger. If this evidence be true, appellee must have known that the engine was in mo-

tion,—he is affected with notice of the ordinary operation of the laws of nature, and must have known that it was dangerous to ride on the side of the tank by said bulge in the bin, and if he undertook to perform the duty of replacing the oil can under such circumstances, he must be held to have voluntarily taken the chances.

In view of another trial, we add that the court properly refused special charge No. 1 requested by appellant. If appellee undertook to replace the oil can while the engine was standing still, and the engineer, without warning and without appellee's knowledge, suddenly and swiftly approached the point of danger, as appellee testifies, and appellee was without contributory negligence, then he would be entitled to recover, notwithstanding he may have known of the defect in the bin and may have remained in the employment of the master.

Other assignments need not be noticed, but for the error discussed the judgment below is reversed and the cause remanded.

<em>Reversed and remanded.</em>

### ON MOTION FOR REHEARING.

HUNTER, Associate Justice, dissenting.—Upon reargument of this case and upon more mature reflection, I am not satisfied with the conclusion we reached on the original hearing. I have concluded that the grounds upon which we reversed the judgment herein exist more in theory than in fact; and besides, a careful study of the record forces me to the conclusion that we were in error in applying the principles relating to obvious defects to the facts in this case, for two reasons: (1) The defendant did not plead that the defect was obvious, nor request a charge on the subject. Railway v. Renz, 24 Texas Civ. App., 59 S. W. Rep., 280; Railway v. Smith, 57 S. W. Rep., 999; (2) the cause of the injury was not a defect, obvious or otherwise, in any machine, tool or thing with which, or upon which, the plaintiff's duties required him to work, but was an extraneous object over which he had no control, and which, in contemplation of the law, was not before his eyes while performing his duties, but was a dangerous obstruction approximately overhanging the track, which the law requires, and ought to require, the railroad company to furnish to its train crew clear of obstructions, at its peril. Railway v. Kenna, 52 S. W. Rep., 555; Jones v. Shaw, 16 Texas Civ. App., 290; Railway v. Smith, 57 S. W. Rep., 999; Railway v. Mayfield, ante, p. ——, 60 S. W. Rep., 896; Railway v. Hannig, 91 Texas, 351; Crandall v. Railway, 5 Am. and Eng. R. R. Cas., 543; Railway v. Bingle, 91 Texas, 287. In the Bingle case, supra, Chief Justice Gaines so clearly, tersely and fully states in one paragraph the whole law of assumed risks, that I must be pardoned for here copying it:

"The servant, by entering the employment of the master, assumes all the ordinary risks incident to the business, but not those arising from the master's neglect. It is the duty of the master to exercise ordinary care to furnish him a safe place in which to work, safe machinery and appli-

ances, to select careful and skillful coworkers, and, in case of a danger-ous and complicated business, to make such reasonable rules for its conduct as may be proper to protect the servants employed therein. The servant has the right to rely upon the assumption that the master has done his duty; but if he becomes apprised that he has not, and learns that the machinery is defective, the place unnecessarily dangerous, or that proper rules are not enforced, he assumes the risk incident to that condition of affairs, unless he informs the master, and the latter promises to correct the evil. In this latter event, so long as he has reasonable grounds to expect, and does expect, that the master will fulfill his prom-ise, he does not, by continuing in the employment, assume the additional risk arising from the master's neglect. If he then be injured by reason of that neglect, he may recover, provided it be found that a man of ordinary prudence, under all the circumstances, would have encountered the danger by continuing in the service. This we understand to be the rule in the English courts. It is the rule in the Supreme Court of the United States, and is supported by the weight of authority."

See also: Railway v. Knox, ante, p. ——, 2 Texas Ct. Rep., 292; Railway v. Cooley (Ky.), 49 S. W. Rep., 340; 12 Am. and Eng. R. R. Cas., 553; Whipple v. Railway, Id., 517; Wood v. Railway, 11 Am. and Eng. R. R. Cas., 525; Shearm. & Redf. on Neg., 4 ed., secs. 208-215.

The main ground, however, upon which we based our reversal of the judgment was that the charge of the court below did not clearly dis-tinguish between the principles of law relating to the defense of assumed risks and those governing the defense of contributory negligence, but confused the same in such manner, as, in a measure, to misdirect the jury and deprive the defendant of the benefits of its plea of assumed risks. I have concluded that the distinctions claimed between the two defenses are more fanciful than real, and that in this we were mistaken and in error, (1) because the charge in fact substantially and fairly pre-sented both defenses, though not as fully perhaps as would have been done had the proper charges been asked; (2) because the grounds that the charges confused the two defenses upon which we partly based our judgment of reversal is not assigned as error. To sustain my views I shall quote from the charge the paragraphs which, according to my con-struction, submitted the two defenses substantially as pleaded, and also the assignments of error.

It must be borne in mind that the coal bin had been leaning or bulg-ing over the track for five or six months, and that the company, instead of repairing or straightening up the bin, had curved the track around it, but not sufficiently to make it safe to trainmen occupying the position that the appellee was at the time he was injured. So that there can be no question about the culpable negligence of the company, and of its full knowledge of the dangerous condition of the track at this bulge. There is no evidence, except what may be inferred from the condition of the structure itself, that the appellee knew of its condition, or of the danger incident to the performance of his duties as fireman in the condition that

it was, and he denies knowledge thereof; but even if it could be inferred that he knew of the bulge in the bin and that the track had been curved around it, the knowledge that the company had curved the track around the dangerous obstruction in an effort to make it safe, authorized him to assume that it was sufficiently curved to avoid the danger of collision while in any position on the engine which his duty required or permitted him to take. And this very act on the part of the company perhaps lulled him into a sense of security.

The charges on the two issues named are as follows:

"8. The plaintiff, in accepting employment from the defendant as a locomotive fireman, assumed the ordinary risks incident to the nature and character of the business in which he was engaged, that is, the ordinary risks incident to the position of a fireman upon an engine of a railway train; and for any injury due to or the result of such ordinary risks there can be no recovery. But in assuming such ordinary risks plaintiff did not assume the risk of danger from negligence of the defendant, and did not preclude himself from the right of recovery for any injuries, if any, not the result of such ordinary risks, but due to and resulting from negligence, if any, on the part of the defendant railway company; but for such, if any, he could recover, unless the plaintiff was also guilty of negligence which caused or contributed to cause the injuries.

"10. If you believe from the evidence that the defendant was guilty of negligence in having the coal bin testified about in the condition that same was when defendant was injured; or was guilty of negligence in moving the engine testified about at the time and in the manner it was moved at the time the plaintiff was injured, and if you believe plaintiff's injuries were caused by such negligence, if any, on the part of the defendant in either one of the respects named; and do not find that plaintiff was himself guilty of negligence, then it will be your duty to find for the plaintiff.

"a. If you believe from the evidence that the plaintiff was at the time aware of the condition of the coal bin and of its proximity or nearness to the track; or had theretofore been aware of its nearness, and that he was guilty of negligence in remaining in the defendant's service after being so aware of its nearness, then it will be your duty to find for the defendant, or if you believe that the plaintiff, at the time he was injured, if he was injured as alleged, was guilty of negligence in being where he was or in the position or attitude he was at the time, or in conducting himself as he did at the time, and that such negligence, if any, on the part of the plaintiff caused or contributed proximately to cause his injuries, then you will find for the defendant.

"b. If you believe the defendant was guilty of negligence in allowing the bulge in the coal bin testified about to remain as it was for the length of time it had, and that the plaintiff knew or had theretofore known of the bulge, then while such knowledge on the part of the plaintiff would not prevent the plaintiff from recovering for an injury, if any, caused

thereby, if the plaintiff was at the time in the exercise of reasonable care for his own safety, yet the fact, if it was a fact, that he knew or had known of the bulge in the bin may be considered by the jury together with the other evidence, and given such weight as you may believe it entitled to, if any, in determining whether the plaintiff was guilty of negligence in remaining in defendant's service or in doing the acts he did at the time he did or in conducting himself as he did at the time he was injured.

"c.  If you do not find that there was negligence on the part of the defendant, nor on the part of the plaintiff, but believe from the evidence that each was in the exercise of reasonable care, but notwithstanding such exercise of care, if it was exercised, the injury was inflicted on plaintiff, then, if such was the case, neither party would be at fault, and the injury to plaintiff would be the result of accident, or the result of assumed risks of danger incident to the character of employment or service in which plaintiff was engaged, and if you so find, there can be no recovery by the plaintiff."

In addition to the foregoing, at the request of defendant, the court gave the following special charges as asked:

"3.  If you believe from the evidence that plaintiff was on the outside of the tender before the engine was started, and further believe that the engineer was guilty of negligence in starting the engine while plaintiff was out at the oil box, yet if you believe from the evidence that plaintiff knew of the approach of the engine towards the bin, or could have known of its approach by the use of ordinary care and caution, in time to have gotten from the outside of the tender before it reached the place where he was hurt, and knew the close proximity of said bin and bulge to the track, and knew the danger of remaining on the outside while passing the bin and bulge, and could, by the use of ordinary care, have gotten from the outside of the tender in time to avoid injury, and was guilty of negligence in not doing so, and that such failure contributed to his injury, you will find for the defendant."

"7.  If you believe from the evidence that defendant was guilty of negligence in having the bin in the condition it was at the time plaintiff was injured, or was guilty of negligence in moving the engine at the time and in the manner it was moved, and further find that plaintiff was guilty of negligence in being on the outside of the tender at the time and place of the accident, and that the injury was the result of the negligence of both plaintiff and defendant, you will find for the defendant."

Properly analyzed, these paragraphs of the charge simply mean what follows:

8.  Plaintiff assumed the ordinary risks incident to the employment, but not any risk growing out of defendant's negligence.  For injuries, therefore, caused by defendant's negligence, plaintiff can recover, unless he was also guilty of negligence which caused or contributed to the injury.

10.  If defendant was guilty of negligence in allowing the coal bin to

be and remain in a dangerous condition; or in rapidly moving the engine when it did, and plaintiff was not negligent, then find for the plaintiff.

a.   If plaintiff knew of the dangerous proximity of the bin to the track, or had known of it, and was negligent in remaining in the company's service; or if he was negligent in going out on or remaining on the tender, or in conducting himself as he did, and such negligence caused or contributed proximately to cause the injury, find for defendant.

b.   If the defendant was guilty of negligence in allowing the coal bin to remain out of repair, although plaintiff knew or had known of its condition, yet such knowledge would not prevent him from recovering, if at the time he was injured he was exercising reasonable care.   Such knowledge, however, may be taken into consideration by the jury in determining whether the plaintiff was guilty of negligence in remaining in defendant's service, or in going out on or remaining on the tender at the time he did.

c.   If neither was guilty of negligence, the injury would be attributed to assumed risk, and plaintiff can not recover.

3.   Special.   If defendant was negligent in moving the engine while plaintiff was out on the tender, yet if plaintiff knew of the approach of the engine to the bin, or could have known thereof by the use of ordinary care, and knew its close proximity to the track and of the danger of remaining where he was, and by the use of ordinary care could have gotten out of danger and avoided the injury, find for defendant.

7.   Special.   If defendant was guilty of negligence in allowing the bin to be as it was, and was negligent in moving the engine when and as it did, but plaintiff was guilty of negligence in being on the outside of the tender at the time and place he was, find for defendant.

From this analysis and epitome of the charge, I am rather disposed to concede that it is probably defective under the Texas decisions in not stating to the jury that:   "If at the time of the injury he knew of the bulge, and of the danger of remaining on the side of the engine while passing it, and with this knowledge present in his mind he voluntarily went out upon or remained on the side of the tender while passing the bulge, or made no effort to avert the danger when he became aware thereof, if he discovered it in time to avoid it, then he took the risk of injury therefrom, and can not recover."   But, however you may state the proposition, it is logically a question of whether the servant was guilty of negligence in taking the risk.   See Shearm. & Redf. on Neg., 4 ed., secs. 208-217, and the authorities there cited.   But I am clear that the error in the charge, if any at all, is one of omission merely, and of which the appellant can not avail itself in the absence of an assignment complaining of the court's refusal to give a proper and fuller one at the appellant's request.

Following are the grounds of error as assigned.   The first complains of the eighth paragraph of the court's charge in these words, as copied from appellant's brief:   "The latter part of said charge announces an

incorrect doctrine or principle, in that it excludes from assumed risks those risks which are the result of any negligence on the part of defendant, and which may be fully known and the danger thereof fully known to the plaintiff before the time of the accident." But it does not "exclude" such risks; it only *omits* to embrace them.

The second complains of the first section of the tenth paragraph in these words: "It directed the jury to find for the plaintiff if they believed that the defendant was guilty of negligence in having the coal bin in the condition it was at the time of the accident, and the plaintiff was not guilty of contributory negligence, and ignored the doctrine that, although defendant may have been guilty of negligence in having the coal bin in the condition it was at the time of the accident, and although the plaintiff may have been guilty of contributory negligence, yet, if before the time of the accident, he, the plaintiff, was cognizant of the condition of the coal bin and of the danger attending the operation of an engine along the track where he was injured, and yet continued in defendant's employ, then he assumed the risk of such danger and could not recover." It simply *omitted* to embrace the proposition contended for,—that is all.

The third complains of section "a" of the tenth paragraph of the charge as follows: "Said paragraph does not embody a correct principle of law as applied to the facts of this case, in that it leaves to the jury, if they believe from the evidence that plaintiff knew of the condition of the coal bin, or the danger of its condition, to decide whether or not plaintiff was guilty of contributory negligence in continuing in the employment of defendant after having acquired such knowledge, whereas the true rule is that if he continued in the employment of the defendant after he acquired such knowledge, *or could, with the exercise of ordinary care, have acquired such knowledge,* then he assumed the risk of said condition of the coal bin, and could not recover." Which is not the law, but if it were, the failure to embrace the proposition is only an omission.

The fourth complains of section "b" of the tenth paragraph of the charge, because it informed the jury that if the plaintiff knew of the condition of the coal bin, and of the danger of passing it as he did, yet that would not preclude him from recovering if he was exercising reasonable care for his safety at the time, but the fact of his knowledge might be considered in determining whether he was guilty of contributory negligence in remaining in the service of the company," the law being that if he knew before the time of the accident of the dangerous proximity of the coal bin to the track, or *might by the use of ordinary care have known of such dangers and continued in his employment,* he assumed the risk and could not recover." The clause in italics points out that which is omitted from the paragraph, and the only objection the appellant makes to it. We have held time and again that a trainman assumes only the risks of which he has knowledge, and that he may assume that the master will furnish him a good safe track and one clear of obstructions; and while the law raises the presumption that a servant will and ought to dis-

cover from use, within a reasonable time, the defects in a machine, tool or thing he works with, if open and obvious, yet no such presumption of knowledge can be indulged as to the defects and dangers arising out of extraneous objects and causes. Shearm. & Redf. on Neg., 4 ed., secs. 216, 217.

These are all the assignments and charges upon which we based our opinion of reversal, and it is manifest therefrom that the misdirection and confusion which we thought we found the appellant never found or complained of, and it is equally manifest that the only errors, if any, pointed out to the charge are errors of omission merely, and for these the appellate courts of Texas have refused to reverse judgments ever since our judiciary was organized. I therefore conclude that the judgment of the District Court ought to be affirmed.

*Motion overruled.*