CRIMINAL LAW ⊚⟲1159(3)—APPEAL—CONFLICTING EVIDENCE.

A conviction on conflicting evidence will not be disturbed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3076; Dec. Dig. ⊚⟲1159(3).]

Appeal from Bexar County Court; Nelson Lytle, Judge.

Mrs. Kirby Smith was convicted for unlawfully carrying a pistol, and she appeals. Affirmed.

G. Grant White, of San Antonio, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, J. This is an appeal from a conviction for unlawfully carrying a pistol, with the lowest punishment assessed.

The sole question in the case is whether or not the evidence was sufficient to sustain the conviction. The state introduced two witnesses, one of whom testified positively that appellant did have and carry a pistol. He was strongly corroborated by the party he was with in some particulars. Appellant denied positively that she had the pistol at the time and place testified to by the state's witness, and her friend who was with her testified substantially to the same thing. So that it is seen that the state's testimony, if believed, unquestionably was sufficient to show the commission of the offense and authorized the verdict, while that of the accused would have authorized the jury to have acquitted her. The jury believed the state's witnesses, and we cannot disturb the verdict.

The judgment is therefore affirmed.

---

## PANHANDLE & S. F. RY. CO. et al. v. MORRISON et al. (No. 1061.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 29, 1916. Rehearing Denied Jan. 3, 1917.)

1. TRIAL ⊚⟲233(2)—INSTRUCTIONS—PLEADING AND ISSUES.

It is the better practice for the trial court to summarize the pleadings on the issues to be determined, but to tell the jury they would have the pleadings which they could look to for a statement of the pleadings, not leaving the issues to be ascertained by the jury, but telling them what issues they must find if supported by the evidence in order to find for the parties respectively, was a substantial compliance with the rule.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 528; Dec. Dig. ⊚⟲233(2).]

2. TRIAL ⊚⟲255(2) — INSTRUCTIONS — REQUESTS.

A failure to summarize the pleadings on the issues to be determined is not reversible error, unless the complaining party requests an instruction covering the omission in the general charge; as it is merely an omission, and not an error of commission.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 630; Dec. Dig. ⊚⟲255(2).]

3. APPEAL AND ERROR ⊚⟲760(1) — BRIEF — CHARGE—OBJECTION.

A brief nowhere showing when objections to the charge and to a failure to charge were made, and not pointing out the page or paragraph in which the court might find the particular objection, leaving the court to go to the record and search a long bill of exceptions to find the objections made, did not comply with the rules so as to require consideration of the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3095; Dec. Dig. ⊚⟲760(1).]

4. CARRIERS ⊚⟲229(2)—LIVE STOCK—ACTION FOR DAMAGES—MARKET VALUE.

Where cattle were not shipped for immediate sale on the market, the measure of the shipper's damage from injury and delay was the difference between the market price of the cattle in the condition in which they were delivered and what their market price would have been had they been properly cared for and handled during transportation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 964; Dec. Dig. ⊚⟲229(2).]

5. TRIAL ⊚⟲194(20)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action for damages to a shipment of live stock from injuries and delay, a requested charge as to the manner in which the cattle recovered after the injury was a charge on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 439; Dec. Dig. ⊚⟲194(20).]

6. TRIAL ⊚⟲260(7)—REQUESTED INSTRUCTION —GIVEN INSTRUCTION.

In an action for damages to a shipment of live stock where the court gave specially requested instructions covering the issues sought by another requested instruction, the refusal of the last instruction was proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 657; Dec. Dig. ⊚⟲260(7).]

7. CARRIERS ⊚⟲230(9)—LIVE STOCK—ACTION FOR DAMAGES—INSTRUCTION.

In an action for damages to a shipment of live stock, the court did not err in refusing an instruction that the carriers were not insurers of the safe delivery of the live stock at any particular time, but were only bound to use ordinary care under the circumstances of the shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 961; Dec. Dig. ⊚⟲230(9).]

8. CARRIERS ⊚⟲215(1)—LIVE STOCK—INJURY —LIABILITY.

If there was no unreasonable delay, no rough handling out of the ordinary or if the cattle were damaged owing to their nature or condition or other causes over which the carrier had no control, a carrier using ordinary care would not be liable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 923; Dec. Dig. ⊚⟲215(1).]

9. APPEAL AND ERROR ⊚⟲758(2) — BRIEFS — SUFFICIENCY.

Where the brief does not show that a charge was presented at the proper time and exceptions properly taken to its refusal, an assignment of error in its refusal will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. ⊚⟲758(2).]

10. TRIAL ⊚⟲255(1) — INSTRUCTIONS — REQUEST.

If appellant desired that a certain numbered charge should be given instead of another

---

⊚⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

numbered charge, it ought not to have requested the latter.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–629; Dec. Dig. ☞255(1).]

11. TRIAL ☞244(4) — INSTRUCTIONS — SINGLING OUT FACTS.

In an action for damages to a shipment of live stock, a requested charge singling out certain facts which in part were claimed as an excuse for the delay was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 579; Dec. Dig. ☞244(4).]

12. APPEAL AND ERROR ☞742(5)—ASSIGNMENT OF ERROR — STATEMENT — OBJECTIONS AND EXCEPTIONS.

Where the assignment itself was not a proposition, and the proposition thereunder was not relevant to the assignment, and the statement did not point to the paragraph where the objection to a charge could be found or state whether the objection was the one contained in the assignment or in the proposition, or whether the objections contained both, and did not state that the objection was made and presented to the trial court before or after the charge, the court would not search the bill of exceptions to ascertain what objections were made to the charge and whether made in proper time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742(5).]

13. APPEAL AND ERROR ☞731(1)—ASSIGNMENTS OF ERROR—VERDICT.

An assignment of error complaining that the verdict is excessive, made for the bearing it would have upon the other assignments presented rather than with any expectation if it stood alone it would be sustained in the form presented, will be overruled for the reason given therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3017; Dec. Dig. ☞731(1).]

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Suit by T. A. Morrison and T. J. Coggin, as partners, against the Panhandle & Sante Fé Railway Company and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Terry, Cavin & Mills, of Galveston, Geo. Thompson, of Ft. Worth, Madden, Trulove, Ryburn & Pipkin, of Amarillo, and L. R. Pearson, of Plainview, for appellants. Mathes & Williams, of Plainview, for appellees.

HUFF, C. J. We adopt the following statement from appellants' brief, which we regard as sufficient statement of the case:

"T. A. Morrison and T. J. Coggin, as partners, sue the Texas & Pacific Railway Company and the Panhandle & Santa Fé Railway Company, as common carriers owning connecting lines of railroad, to recover about $2,197.50 as damages alleged to have been by them sustained as a result of injuries caused by the alleged careless and negligent handling and delays in transporting about 300 head of Mexico steers from El Paso to Plainview, Tex. A jury trial resulted in a verdict and judgment against the defendant Texas & Pacific Railway Company for $500 and against the defendant Panhandle & Santa Fé Railway Company for $1,000, from which both defendants appeal."

[1, 2] The first assignment of error is briefed on the thirty-sixth and thirty-seventh grounds assigned in the motion for new trial. The proposition involved in the assignments is that the trial court erred in failing to state to the jury what the issues were by the pleadings, and in stating the pleadings would be with the jury, to which they were referred for a statement of the pleadings. In paragraph 3 the trial court submitted the issues raised by the pleadings and evidence to be determined by the jury in order to find a verdict for the appellees, and as to the other issues for appellant specially requested instructions were given. There was no special requested instruction by the appellants calling on the court to give a proper summary of the issues pleaded. As we understand the holdings in this state, it is the better practice for the trial judge to summarize the pleadings on the issues to be determined; yet, if not done, it is not reversible error, unless the complaining party shall request an instruction covering the omission in the general charge. It is merely an omission, and not an error of commission. Traction Co. v. Bradshaw, 185 S. W. 952; Adams v. Southern Traction Co., 188 S. W. 275; Railway Co. v. Helm, 64 Tex. 147.

The trial court did not tell the jury to determine the issues from the pleadings which they would have before them, but only told the jury they would have before them the pleadings, which they could look to for a statement of the pleadings. He did not leave the issues to be ascertained by the jury, but told them what issues they must find if supported by the evidence in order to find for the parties respectively. It appears to be a sufficient compliance with the rule if the trial court submits to the jury the questions of fact raised by the pleadings and instructs them upon the law as to the issues so raised. Railway Co. v. Smith, 24 Tex. Civ. App. 127, 57 S. W. 999. The court substantially complied with this rule in this case. If there was any issue omitted, the appellant should have submitted a special requested instruction on that issue.

[3] The second assignment assails the charge of the court on the ground that it did not instruct the jury to consider the subsequent recovery of the cattle in estimating the damages, and was erroneous in giving the abstract rule as to the measure of damages, that is, the difference between their value in the condition in which they arrived at destination and the condition in which they should have arrived, and also in refusing an instruction to the effect that the jury should take into consideration whether the injury was temporary or should have passed away within a reasonable time by the exercise of reasonable care upon the part of appellees. The charge of the court did not instruct upon this matter, as complained; and the trial court also refused the requested instruction to that effect. The brief does not show that the court's charge was objected to on the

grounds stated. The grounds of the motion for new trial which are purported to be copied as part of the assignment say as shown by bill of exception No. 1. The brief nowhere showed when the objection was made. We must go to the record to ascertain the necessary facts as to when it was made and what the objection really was. The brief in this particular does not comply with the rules. The pages apparently referred to for the bill of exception No. 1 in one place refer to the page where we find the appeal bond and the other referred to shows that it is part of the motion for new trial. The objections to the charge of the court as set up by bill No. 1 is composed of some 30 paragraphs covering 10 pages of the transcript. The appellant nowhere points out by its brief on what page or in which paragraph we will be enabled to find the particular objection to the charge urged by this assignment. This court must, if we find the objection, search this long bill of exception, paragraph by paragraph, to find if the objections were really made before the main charge was read to the jury. The appellees herein strenuously object to the consideration of this assignment, on the grounds stated, because of this defective briefing. We believe the objection to the assignment on this ground well taken. Again, as to the refusal of the instruction requested, the brief fails to show this instruction was requested after the main charge was drawn and handed to the appellants' attorneys for examination, and before the case was submitted to the jury. The ground in the motion for new trial setting up this refusal of the instruction is copied in the assignment and therein simply refers to bill of exception No. 5, without stating what the bill shows with reference to this necessary precedent condition before error can be assigned to the action of the court. It was not error to refuse this instruction if it was not presented to the court at the proper time. The assignment or statement in the brief must show that the action of the court was erroneous, and the assignment and statement fall short of the rules and statutes in this particular. The appellees object to this assignment upon the grounds mentioned, as they have the right to do, and we feel that it will be our duty to sustain the objections to the assignment.

[4] We may say with reference to the issues sought to be presented by this assignment, assuming the facts are sufficient to show the cattle were not shipped for immediate sale on the market, that it appears to have been decided adversely to appellants' contention. In Railway Co. v. Stanley, 89 Tex. 42, 33 S. W. 109, the Supreme Court says:

"It is insisted, however, that, since the testimony showed that the cattle were not shipped for immediate sale, but were to be put upon pastures and fattened, and then sold, the court erred in charging the jury that the measure of the plaintiff's damages was the difference between the market price of the cattle in the condition in which they were delivered at Elgin and what their market price would have been at that place had they been carefully cared for during the trip, and that it also erred in refusing a charge to the effect that the plaintiff was entitled only to recover the amount of the additional expense to which he was subjected by reason of their injuries in preparing them for market. We think the court gave the correct measure of damages. That the rule laid down is the ordinary rule * * * in this state and in other jurisdictions. We see nothing in this case to take it out of the ordinary rule."

After quoting from Railway Co. v. Estill, 147 U. S. 591, 13 Sup. Ct. 444, 37 L. Ed. 292, and further discussing the rule, the Supreme Court further said:

"From a logical standpoint, the rule of the difference in market value is also the correct one. To make the plaintiff whole he should recover a sufficient sum to enable him to sell the injured property and to replace it with that which is uninjured, without loss."

The charge requested in this case would have given a different rule to the one established by the Supreme Court, which must be and is binding on this court and the trial court.

[5] Whilst evidence of recovery and the manner in which the cattle thrived after the injury is proper, perhaps, to go before the jury for their consideration in determining the injury actually received and the damages sustained thereby, it does not follow therefrom that the court should single out this evidence and tell the jury they should consider it. The Courts of Civil Appeals, in passing on requested instructions of this character, have held them to be charges on the weight of the evidence; and we believe properly so. Railway Co. v. Mulkey, 159 S. W. 111; Railway Co. v. Lindsey, 175 S. W. 708; Railway Co. v. Holmes, 177 S. W. 505; Railway Co. v. Word, 51 Tex. Civ. App. 206, 111 S. W. 753; Railway Co. v. Reed, 165 S. W. 4. This court has, on one or two occasions, held it proper to give such a requested charge, but a more careful consideration leads us to the belief that the rule established by the Supreme Court will not sanction the practice, but that such a charge violates the statute which prohibits a charge on the weight of the evidence. Aside from the general rule, this particular charge, in our opinion, is especially objectionable as being on the weight of the evidence, and is also argumentative in its construction.

[6] The third assignment is subjected to the same objections as the second assignment above considered. The trial court gave specially requested instructions asked by appellant, Nos. 9 and 11, which covered the issues sought by requested instruction No. 12, for the refusal of which the assignment herein is based. It would have been improper to give requested charge No. 12 or to have repeated the same in the main charge, after having given the other two charges.

[7] The fourth assignment is amenable to the same objection as to the second. However, the court did not err in refusing the third specially requested charge. This charge sought to have the court instruct the jury the appellants were not insurers of the safe delivery of live stock at any particular time, but only to use ordinary care under the circumstances of the shipment. The charge of the court only permitted a recovery upon proof of negligence, and also gave the sixth and eighth specially requested instructions. The sixth instruction was to the effect that, if the jury should find that appellants were negligent in handling the cattle, yet they would not consider any damages which resulted from the weak and poor condition or from the inherent nature, vices, or propensities. The eighth instruction defined rough handling and told the jury not to take into consideration any damages which were the result of usual or natural rough handling necessarily incident to handling cattle in freight trains, and that they would not find any damages for rough handling unless they believed appellants "failed to exercise ordinary care" in handling the cattle and cars in which the cattle were transported. Negligence was defined by the court in the main charge, and the jury were also told in order for the appellees to recover the jury were first required to find unreasonable delay, and that such unreasonable delay was negligence on the part of appellants. There was no recovery sought or submitted because the cattle were not delivered at any particular time. The charge of the court, together with the special instructions given, we think, submitted fully and fairly the law applicable to the case. Without setting out this requested charge, we also agree with appellee that it was upon the weight of the evidence.

[8] We may say, however, if there was no unreasonable delays, no rough handling out of the ordinary, or that the cattle were damaged owing to their nature or condition, or by causes over which the carrier had no control, and if the carrier used ordinary care, there could be no recovery. The trial court so told the jury in the charges given, and to have further charged the jury that the carriers were not insurers against those things would have added nothing to the strength of the charge.

[9, 10] The fifth assignment of error is subject to the objections that the brief does not show that charge No. 10 was presented at the proper time and exceptions properly taken to its refusal. The objection of appellees will be sustained to this assignment. However, we do not believe there was any error in refusing the requested instruction, especially in view of the charges, both general and special, given on the entire case, and particularly requested instruction No. 9, on substantially the same issue sought to be submitted by charge No. 10. If the appel-

lants desired that No. 10 should be given instead of No. 9, they ought not to have requested No. 9. It was unnecessary, we think, to give both.

[11] The sixth assignment is not properly briefed for the reasons heretofore pointed out under the preceding assignments. We think that appellees' objection to the statement under this assignment should be sustained. The charge requested is clearly on the weight of the evidence singling out certain facts which in part were claimed as an excuse for the delay. These acts so singled out were not all which it is claimed contributed to the delay, and to have designated such acts and then tell the jury if they found such acts not to consider such delay was error under the issues in this case.

[12] The seventh assignment should not be considered, for the reasons pointed out by appellees in their objection. The assignment itself is not a proposition. It would authorize the presentation of the proposition that the charge authorized a double recovery of damages because there were several grounds of recovery stated in the charge, and that some of the elements are included in and are part of the other elements. In the motion for new trial, the basis of this assignment is grounds Nos. 50 and 51, both of which are involved and prolix. There is but one proposition under this assignment; that is, that the charge by its enumeration of the various grounds of alleged negligence thereby "unduly emphasizing and placing before the jury the idea that the court thought there were undue delays and undue holdings of cars," etc. The proposition is not relevant to the assignment and was not included therein. The statement under this assignment says the appellants objected to the court's charge for these and other reasons, "as will appear from the list of such exceptions, being termed bill of exceptions No. 1, beginning on page 31, and extending to page 41, in the transcript." This bill is composed of some 30 paragraphs. This statement does not even point us to the paragraph where the objection can be found, or state whether the objection was the one in the assignment or the one contained in the proposition, or whether the objections contained both. It does not even inform us that the objections were made and presented to the trial court before or after the charge was given to the jury. It will take no argument to show the brief as to this assignment neither complies with the rules nor the statute. We do not feel called upon to search this long bill of exceptions to ascertain what objections were made to the charge and whether made in proper time.

[13] The eighth assignment complains the verdict is excessive. The appellants conclude their brief with an argument in which they say they are complaining of the excessiveness of the verdict for the bearing it will have upon the other assignments presented, "rath-

er than with any expectation that if it stood alone it would be sustained in the form presented." This assignment is overruled for the reasons given by appellants.

The case will be affirmed.