BROTHERHOOD OF RAILROAD TRAINMEN v. EVILENA ROBERTS.

Decided January 2, 1908.

**1.—Insurance—False Statement—Waiver—Charge.**

The doctrine of waiver or ratification is founded upon the fact that the person against whom the waiver or ratification is urged has, with a knowledge of all the facts, pursued a particular course; knowledge of the fact is the essential element, and the fact that such person, by the exercise of diligence, might have acquired such knowledge, cannot be substituted for the existence of actual knowledge. This rule applied in an action upon an insurance certificate issued by a fraternal order, the defense being that the insured made false statements in procuring the issuance of the certificate.

**2.—Fundamental Error—Appeal—Practice.**

When a charge contains errors which relate to controlling points in a case, an appellate court will regard them as fundamental and take cognizance of the errors although not urged in appellant's brief.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*Smith & Wall,* for appellant.

*H. H. Cummins* and *Don A. Bliss,* for appellee.

KEY, ASSOCIATE JUSTICE.—From a judgment in favor of the plaintiff in a suit founded upon a beneficiary certificate insuring the life of Charles E. Roberts, the defendant has appealed.

Without stating in detail the averments in the defendant's answer, it is sufficient to say that it charged Charles E. Roberts, the deceased, with making a false statement in his application for membership in the defendant's order in reference to his age, and in stating that he had never before been a member of the Brotherhood of Railroad Trainmen. The defendant also pleaded and proved that section 59 of its constitution prescribes, first, that the application for membership shall be the basis of the contract with the Brotherhood; and, second, that all statements and answers therein made shall be adopted as his own, admitted to be material, full and complete, and if in any case any untrue or incomplete answer shall be made in such application, then the certificate issued thereunder and said contract shall be null and void.

The plaintiff in her supplemental petition denied that the statements referred to were false, but alleged that if they were, the defendant had notice of such fact when it issued the certificate and collected assessments for over a year thereon, and had allowed Charles E. Roberts to remain a member of the order, and therefore had waived the objections now urged against the contract.

The first assignment of error is addressed to the action of the court in giving to the jury the following instruction:

"If you believe from the evidence that at the time of the issuance of the said policy of insurance, A. E. King, defendant's Grand Secretary and Treasurer, and P. H. Morrissey, or either of them, had actual notice of the facts that would have caused a person of ordinary prudence to make an inquiry as to whether the said C. E. Roberts had ever been a member of the defendant order prior to his said application, and that such inquiry, if prosecuted with reasonable diligence, would have resulted in either or both of them acquiring a knowledge that he had so been a member of the defendant order, then you will find for the plaintiff on the issue of any false representation or statement made by the said C. E. Roberts that he had not been such member before. Further, if you should believe from the evidence that at the time of the issuance of said policy, neither the said King nor the said Morrissey had any such actual notice, still if you believe from the evidence that at any time after the issuance of said policy and before the death of the said C. E. Roberts the said King had actual notice of any fact that would have caused a person of ordinary prudence to make an inquiry as to whether the said C. E. Roberts had ever been a member of the defendant order prior to his said application, which inquiry, if prosecuted with reasonable diligence, would have resulted in the knowledge that said Roberts had so been a member, and that yet no such inquiry was made, but the defendant went on collecting dues and assessments on said policy from said Roberts up to the time of his death, then you will also find for the plaintiff on the issue of any false representation or statement made by the said C. E. Roberts that he had not been such a member before. If you believe from the evidence that at the time of the issuance of said policy of insurance the said King and the said Morrissey, or either of them, had actual notice of facts that would have caused a person

of ordinary prudence to make an inquiry as to whether the said C. E. Roberts, at the time he made said application for said insurance, was of a different age to the one stated in his application, that is, 37 years and 3 months, and that such inquiry, if prosecuted with reasonable diligence, would have resulted in either or both of them acquiring a knowledge that the said age of 37 years and 3 months was not his age, and that yet no such inquiry was made, then you will find for the plaintiff on the issue of the said C. E. Roberts having made false statements as to his age at the time he made the said application for insurance. Further, even if you should believe from the evidence that at the time of the issuance of said policy, neither the said King nor the said Morrissey had any such actual notice, still, if you believe from the evidence that at any time after the issuance of said policy and before the death of the said C. E. Roberts, the said King had actual notice of any fact that would have caused a person of ordinary prudence to make an inquiry as to whether the said C. E. Roberts had made false statements as to his age at the time he made the said application, which inquiry, if prosecuted with reasonable diligence, would have resulted in a knowledge that the said Roberts had made false statements as to his age in the said application, and yet no such inquiry was made, but the defendant went on collecting the dues and assessments on said policy from the said Roberts up to the time of his death, then you will also find for the plaintiff on the issue of whether the said C. E. Roberts made false statements as to his age in his said application."

This charge is fundamentally erroneous. By the terms of the contract, as expressed in section 59 of the constitution, the certificate sued on was null and void if Charles E. Roberts made any false or untrue statement in his application for membership. It is true that appellant could waive the invalidity referred to by treating the contract as valid after it acquired knowledge of the facts which would render it invalid; but there is no rule of law that required appellant, upon notice of some fact not constituting knowledge of the falsity of the statements referred to, to inaugurate an investigation and exercise diligence to ascertain whether or not such representations were false. The doctrine of waiver or ratification is founded upon the fact that the person against whom the ratification or waiver is pleaded has, with knowledge of all the facts, pursued a particular course. Knowledge is as much an essential element of the doctrine as is any other fact; and the fact that such person, by the exercise of diligence might have acquired knowledge, can not be substituted for the existence of actual knowledge. This particular objection does not appear to be urged in appellant's brief, but the charge in question and the errors pointed out relate to controlling points in the case, and such error is therefore regarded by this court as fundamental.

The other assignments are overruled. On account of the fundamental error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*