### J. A. MUSE v. ALFRED ABEEL.

Decided December 22, 1909.

**1.—Master and Servant—Assumed Risk—Known Defects.**

Though the servant knows the defect in machinery which he was operating whereby he was injured, he will not be precluded from recovery if ignorant of the danger arising from such defect.

**2.—Same—Knowledge of Danger—Question of Fact.**

Evidence in case of an employe in an ice factory injured by the fall of a block of ice through the breaking of the chain suspending it from the crane by

which he was moving it, considered and held to present a question of fact as to his knowledge of the danger. It was error in such case, to instruct the jury that he assumed the risk if he had knowledge of the defects.

Appeal from the District Court of Coleman County. Tried below before Hon. Marshall Surratt.

*Eason & Dilworth,* for appellant.—If the employe has knowledge of the defect, but was ignorant of the danger incident to it, he is not precluded from recovering. Galveston, H. & S. A. Ry. v. Smith, 24 Texas Civ. App., 127; Galveston, H. & S. A. Ry. v. Hughes, 22 Texas Civ. App., 134; Galveston, H. & S. A. Ry. v. Lempe, 59 Texas, 20; Hynson v. St. Louis S. W. Ry., 107 S. W., 626; Missouri, K. & T. Ry. v. Crum, 35 Texas Civ. App., 609; Missouri, K. & T. Ry. v. Hannig, 91 Texas, 350; Gulf, W. T. & P. Ry. v. Smith, 37 Texas Civ. App., 188; International & G. N. Ry. v. Elkins, 54 S. W., 933; Bonner & Eddy, Receivers, v. Moore, 3 Texas Civ. App., 423; Missouri, K. & T. Ry. v. Dumas, 93 S. W., 493; Missouri, K. & T. Ry. v. Adams, 42 Texas Civ. App., 274; St. Louis & S. F. Ry. v. McClain, 80 Texas, 93; Cyc., 26th vol., p. 1196 et seq.

An instrument containing obvious physical imperfections is not necessarily insufficient to perform the work at hand. Dillingham, Receiver, v. Harden, 6 Texas Civ. App., 476; International & G. N. Ry. v. Bell, 75 Texas, 52; Houston & T. C. Ry. v. McNamara, 59 Texas, 257; Texas & P. Ry. v. Scott, 64 Texas, 552; International & G. N. Ry. v. Kernan, 78 Texas, 297; Texas M. Ry. v. Whitmore, 58 Texas, 288; Missouri Pac. Ry. v. Lyde, 57 Texas, 509; Houston & T. C. Ry. v. Myers, 55 Texas, 116.

*Sleeper, Boynton & Kendall,* for appellee.—The risk was assumed, knowledge of the danger necessarily following from knowledge of the defects under the circumstances. Trinity & B. V. Ry. Co. v. Perdue, 45 Texas Civ. App., 659; Texas & P. Ry. Co. v. French, 86 Texas, 96; Bonnett v. Galveston, H. & S. A. Ry., 89 Texas, 76; Houston & T. C. Ry. Co. v. Martin, 21 Texas Civ. App., 207; Texas & P. Ry. Co. v. Bradford, 66 Texas, 734; Rogers v. Galveston City Ry. Co., 76 Texas, 502; Klutts v. Gibson Bros., 37 Texas Civ. App., 216; Houston & T. C. Ry. Co. v. Conrad, 62 Texas, 627; International & G. N. Ry. Co. v. McCarthy, 64 Texas, 634; Missouri, K. & T. Ry. Co. v. Wood, 35 S. W., 880; Missouri Pac. Ry. Co. v. Somers, 78 Texas, 439; Ely v. San Antonio & A. P. Ry. Co., 15 Texas Civ. App., 511; Gulf, C. & S. F. Ry. Co. v. Larkin, 98 Texas, 225; Christy v. Southwest M. Ry. Co. (Mo.), 110 S. W., 694; Houston & T. C. Ry. Co. v. Scott, 62 S. W., 1077; Gulf, W. T. & P. Ry. Co. v. Smith, 37 Texas Civ. App., 188.

RICE, ASSOCIATE JUSTICE.—Appellant, while working for appellee in his ice factory removing ice from the tank where it was frozen to the storage-room, was injured by reason of one of the cans of ice falling from the crane then operated by him onto his foot. The negligence alleged consisted in the furnishing for use by appellant of an insufficient chain and crane for the performance of this work.

The defense relied upon was contributory negligence and assumed risk. After the evidence was all in the court instructed a verdict for appellee on the ground that appellant had assumed the risk, and judgment was rendered in accordance therewith.

Appellant insists that the court erred in charging the jury that the plaintiff, when he accepted employment from the defendant and undertook the work in which he was engaged while injured, assumed the risk of injury because of any defects in the machinery used by him in performing his duties, which were known to him or which he must necessarily have known of in the discharge of his duties; insisting by his proposition thereunder that knowledge of the defect does not necessarily carry with it a knowledge of danger, and that, therefore, if the appellee has knowledge of the defect or is charged with knowledge of it because the same is obvious, but is ignorant of the danger incident to and attending the defect, he is not precluded from recovering damages incurred by reason of such defect.

The evidence discloses that appellant's duty under his employment was to remove, by means of a crane and a chain attached thereto, the ice from the tank where it was frozen to the storage-room. It clearly appears that the chain so used was an old, rusty and defective one, and that it had broken on several occasions prior to the accident while ice was being removed from the tank to the dump; that it had frequently been mended by appellant and others by the use of hay-baling wire under the direction of appellee. It was also shown that there was some defect in the construction of the crane by reason of which it would suddenly stop when being operated. These defects were known to both appellee and appellant; but there is evidence going to show that, while appellant knew of these defects, he did not know of and appreciate the fact that it was dangerous to use the appliances in such condition. The evidence further showed that these cans of ice weighed 300 pounds, and that the device used in hoisting them from the tank to the dump would sustain at least 3,000 pounds; that by far the greatest strain upon the chain and appliances so used was at the very time the ice was being lifted out of the tank, but after clearing the same, then the pressure was only that of the can itself, to wit, 300 pounds; and appellant testified that he thought that the chain, being sufficiently strong to raise the ice from the tank, that it would certainly sustain the weight of the cans after that time. The injury was occasioned by the breaking of the chain and the falling of the ice therefrom after the ice can had been lifted from the tank and while appellant was pushing the same towards the dump from which it was to be transported into the vault.

It is true that there was testimony going to show his knowledge of the danger in this respect, both from circumstances and from the direct statement of the witness, who testified that he had knowledge of the danger in operating the appliance so furnished him in the condition that it then was. His own testimony, however, negatived his knowledge of danger from its use in such condition. But this, in our opinion, raised an issue on an important question, which it was the duty of the court to submit for the consideration of the jury.

We think the law is well settled by numerous decisions that, not-

withstanding a party may know of defective machinery or appliances then being operated by him, but if he did not know of the danger in their use, then, and in that event, he would not be precluded from recovery. It is said in Galveston, H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 130, 57 S. W., 1001, that "when a servant enters the employment of the master he has the right to rely upon the assumption that the machinery, tools and appliances with which he is called upon to work are reasonably safe, and that the business is conducted in a reasonably safe manner. He is not required to use ordinary care to see whether this has been done. He does not assume the risk arising from the failure of the master to do his duty unless he knows of the failure and attendant risks, or, in the ordinary discharge of his duty, must necessarily have acquired the knowledge."

Later, in the same case, the court says: "It has been repeatedly held that a knowledge of the defect does not necessarily carry with it a knowledge of danger, and that, therefore, if the employe had knowledge of the defect or was charged with the knowledge of it because obvious, but was ignorant of the danger incident to and attending the defect, he is not precluded from recovering damages incurred by reason of such defect."

This proposition of law is well supported by the authorities cited in the opinion, as well as the following: Galveston, H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 127, 57 S. W., 999; Galveston, H. & S. A. Ry. Co. v. Hughes, 22 Texas Civ. App., 134, 54 S. W., 264; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 20; Hynson v. St. Louis S. W. Ry. Co., 107 S. W., 626; Missouri, K. & T. Ry. Co. v. Crumm, 35 Texas Civ. App., 609, 81 S. W., 73; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 350; Missouri, K. & T. Ry. Co. v. Adams, 114 S. W., 454; Cyc., vol. 26, p. 1196 et seq.

We are inclined to believe that the evidence raised an issue as to whether or not appellant knew of and appreciated the danger incident to the operation of the appliance under the circumstances existing at the very time and place where the accident occurred; and, without intimating any opinon as to the probative force thereof, we think it was at least sufficient to require the court to submit the issue thus raised, by appropriate instruction, for the consideration of the jury; and, failing so to do, there was error, because to authorize the court to take the question from the jury the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn therefrom. (See Lee v. International & G. N. Ry. Co., 89 Texas, 588; Choate v. San Antonio & A. P. Ry. Co., 90 Texas, 88; Bonn v. Railway, 82 S. W., 809.)

In the last case cited it is held, as shown by the syllabus, that "in an action for injuries to a servant by the negligence of his master the court can direct a verdict only where the facts are such, as a matter of law, no recovery can be had under any view that could be properly taken of the evidence."

For the reasons indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*