### KNOXVILLE FIRE INSURANCE COMPANY v. J. P. HIRD.

#### No. 201.

1. **Deposition—Names of Parties to Suit.**—In a suit of "H. v. Knoxville Fire Ins. Co.," certain interrogatories and the envelope containing the deposition taken thereon, was endorsed, H. v. Knoxville Ins. Co. *Held*, that a motion to quash the deposition because of the omission of the word "Fire" from the name of the defendant was correctly overruled.

2. **Fire Insurance Policy — Condition not Violated.**—A condition in a fire insurance policy stipulated, that the assured would keep his books in a fire proof safe, and that in case of loss he would produce the books, and on fail-

ure to so produce them the policy would become void.  The books were in good faith kept in a safe of the kind generally known and reputed as fire proof, but which failed to preserve them from destruction by fire.  *Held,* that the assured had not warranted the safe to preserve the books, and that he had complied with the condition.

**3. Same — Subsequent Agreement as to Condition.** — Where the agent of the insurance company, prior to the fire, examined the safe in which the books were kept, and agreed that it was sufficiently fire proof for the purpose, this would satisfy the stipulation in the policy as to the character of the safe.

**4. Same—Excepted Causes of Loss.**—Where the loss was by fire, the court did not err in failing to submit the excepted causes of loss mentioned in the policy, such as invasion, insurrection, and the like.

APPEAL from Cooke.  Tried below before Hon. D. E. BARRETT.

*W. O. Davis* and *J. L. Harris*, for appellant.— 1.  Depositions, to be admitted in evidence, must not only be taken in fact for use in the particular case on trial, but the deposition, with the caption, certificate, and endorsement on the envelope, must affirmatively show this fact, and parol evidence is inadmissible for such purpose; and where it was proposed to use on the trial of the case of " J. P. Hird v. Knoxville Fire Insurance" a deposition taken, certified, and returned in " J. P. Hird v. Knoxville Insurance Company," and so endorsed on the envelope, a motion to quash should have been sustained, and the deposition excluded, notwithstanding the offer to show that the word " fire" was omitted inadvertently and did not mislead.  Rev. Stats., art. 2229; Creager v. Douglas, 77 Texas, 484; Laird v. Ivens, 45 Texas, 622.

2.  A covenant and warranty on the part of the assured to keep a set of books, showing a complete record of his business and last inventory, securely locked in a fire proof safe at night, or when the store is not actually open for business, and in case of loss to produce the same (in case of failure to do so the policy to be void), is broken if the safe is not fire proof, although the assured may believe it to be fire proof, and it is so reputed.  7 Am. and Eng. Encycl. of Law, 1056, title " Fire Proof;" Jones v. Ins. Co., 38 Fed. Rep., 19; Ins. Co. v. Wilkinson, 13 S. W. Rep., 1103; Landman v. Ins. Co., 19 Ins. Jour., 572; Ins. Co. v. Jones, 15 S. W. Rep., 1035.

*Potter, Potter & Giddings*, for appellee.—1.  It is only necessary for the caption and endorsements upon the envelope to identify the cause in which the deposition is being taken to authorize its use in the case.  Burleson v. Burleson, 28 Texas, 383; Neill v. Cody, 26 Texas, 286; 64 Texas, 454; Eakin v. Morris, 1 W. & W. C. C., sec. 883.

2.  When the applicant for insurance believes his safe is fire proof, and has no reason to believe otherwise, and such safes are in common use and

reputed. to be fire proof, and when he shows the safe to the insurance agent and has his consent to the use of such safe for the keeping of the books, he has fully complied with that provision in the policy of insurance. Jones v. Ins. Co., 36 N. J. Law, 35; Spratt v. Ins. Assn., 13 S. W. Rep., 799; Ins. Co. v. Jones, 15 S. W. Rep., 1034; Jones v. Ins. Co., 38 Fed. Rep., 19; Woods' Ins., 299, 300.

HEAD, Associate Justice.—In November, 1890, appellant issued to M. F. Myers a policy of insurance, whereby it insured him to the amount of $1500 against loss by fire to his stock of goods, etc. The policy of insurance provides, that the company shall not be liable for "loss caused by invasion, insurrection, military or usurped power, nor for any loss by fire where such fire is caused by the fall of any building insured, or of any building containing the property insured, or any part of such building; * * * nor for loss caused by lightning or explosions of any kind, unless fire ensues, and then for the loss or damage by fire only; * * * nor for loss or damage caused by neglect to use all practical means to save and preserve the property from damage at and after the fire." Also, that "the assured under this policy hereby covenants and warrants to keep a set of books, showing a complete record of business transacted, including all purchases and sales, both for cash and credit, together with the last inventory of stock insured; and further covenants and warrants to keep such books and inventory securely locked in a fire proof safe at night, and at all times when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the house where such business is carried on; and in case of loss, the assured warrants and covenants to produce such books and inventory, and in the event of a failure to produce the same, this policy shall be deemed null and void, and no suit or action at law shall be maintained thereon for any such loss."

On the night of the 12th of December, 1890, while said policy was in force, a fire occurred, destroying the insured property, which was of value more than the amount of the insurance, and this suit is prosecuted by appellee, as assignee of the policy, to recover the amount thereof.

Appellant answered by general denial, and specially pleaded failure on the part of the insured to keep his inventory and books in a fire proof safe, and to produce them in case of loss, as required by the clause of the policy above quoted.

The evidence showed that Myers did keep his inventory and books in an iron safe which he believed, and which was generally reputed, to be fire proof; and that after the issuance of the policy the agent of appellant several times examined this safe, and told Myers it would be a compliance with his policy if he kept his books, etc., therein. The safe, however, did not in fact withstand the fire, and both the books and inventory

were destroyed, so that they could not be produced to aid in ascertaining the extent of the loss.

The only testimony as to the loss was by the insured, Myers, and was as follows: " My stock of goods, furniture, and fixtures situated in the building described in the policy  *  *  *  were totally destroyed by fire on December 12, 1890.  *  *  *  I kept a set of books, showing my purchases and sales and the condition of my business, and they and the last inventory, etc., required by the policy, in an iron safe which I supposed to be fire proof, and which was reputed to be fire proof, and in which I did not know of any defects, at all times required by the policy, and they were burned up in the safe by the fire that destroyed the balance of the property.  The fire occurred at about 2 o'clock a. m., and when I got to the fire the house was nearly burned down and was falling in.  I could see the safe.  The door of it was off and lying in front of where the safe stood, and the safe itself had fallen over on its side.  The frame in which the door to the safe was set was with the door.  Cravens was the general agent of the defendant, and issued me the policy in Gainesville."

The trial in the court below resulted in a verdict and judgment in favor of appellee for the full amount of the policy and interest, from which this appeal is prosecuted.

*Opinion.*—Appellee took the deposition of appellant's agent, J. R. Cravens, for use as evidence in his behalf in the trial below.  The style of this case in that court was, " No. 3814.  J. P. Hird v. Knoxville Fire Insurance Company."  The interrogatories filed by appellee upon which this deposition was taken had this caption, " J. P. Hird v. Knoxville Insurance Company.  No. 3814.  Suit pending in the District Court of Cooke County," the word " Fire " in appellant's name being omitted.  On these interrogatories appellant's attorneys endorsed the following waiver, " Filing, notice, certified copies, and commission waived," and the deposition was in fact taken upon the originals.  The envelope in which the deposition was returned was endorsed, " In the District Court of Cooke County, Texas.  J. P. Hird v. Knoxville Insurance Company," also omitting the word " Fire " from appellant's name.

Our statute requires, that the officer taking the deposition shall " endorse on the envelope the names of the parties to the suit," and before the commencement of the trial in the court below appellant moved to quash the deposition of the witness Cravens, because of the omission from its name as above indicated.  We believe the trial judge correctly overruled this motion.  We see no good reason why this statute should be given the extremely technical construction contended for by appellant.

A substantial compliance with other requirements of the statute in reference to the taking and returning of depositions has been held sufficient,

especially when, as in this case, there is no cause to suppose the opposite party has been misled to his prejudice. Railway v. Larkin, 64 Texas, 454. In this case it is said: "The objections to the certificate of the notary public taking the depositions are not well taken. The certificate, taken together with the caption which preceded the answers, must be considered together as a part of the officer's certificate, and if it appears from the whole that the statute has been substantially complied with, that shall be deemed sufficient. Carroll v. Welch, 26 Texas, 147. The caption identified the case by its style (although the corporate name of the defendant was abbreviated), and also by the number of the cause, and the court in which it was pending. No technical form of certificate is prescribed by the statute. A substantial, though not a literal, compliance with the directions of the statute is sufficient. Ballard v. Perry, 28 Texas, 347."

The principal reason for requiring the names of the parties to the suit to be endorsed upon the envelope containing the deposition would seem to be to furnish information to the clerk in filing it, and to identify the cause in which it was to be used, and we think sufficient of the names of the parties was given in this instance for this purpose. A variance in this respect, as well as in others, to be fatal, must be material. A literal compliance with the statute would require the officer to endorse the full names of all the parties to the suit upon the envelope, yet we believe it has never been contended that the use of initials instead of full given names, or the omission of middle names, would be fatal to the deposition.

Appellant contends, that a "fire proof safe," within the meaning of the clause of the policy set forth in the conclusions of fact, is one that actually preserves its contents through a fire, and that Myers, in effect, warranted that he would keep his books and inventory in a safe that would do this. In Black's Law Dictionary the words "fire proof" are defined as follows: "To say of any article that it is 'fire proof' conveys no other idea than that the material out of which it is formed is incombustible. To say of a building that it is fire proof excludes the idea that it is of wood, and necessarily implies that it is of some substance fitted for the erection of fire proof buildings. To say of a certain portion of a building that it is fire proof suggests a comparison between that portion and other parts of the building not so characterized, and warrants the conclusion that it is of a different material."

By a fire proof safe, within the meaning of an insurance policy such as this, we think is intended a safe constructed of incombustible material for the purpose of resisting fire, and commonly regarded as sufficient for this purpose. In other words, it is an article of furniture the distinctive name of which well conveys the idea that the purpose for which it is intended is the preservation of its contents from the effects of fire. If the safe in which Myers kept his books, etc., was constructed for this purpose,

and was commonly known as a fire proof safe among those acquainted with such articles, we think it was a fire proof safe within the meaning of this policy, although it may have proven insufficient in this instance, he not being negligent in its selection. If Myers kept his books in a place commonly called and known as a " fire proof safe," he complied with the letter of that part of his contract, and if he acted in good faith, and was not guilty of negligence in making the selection, he complied with its spirit. We are therefore of opinion that appellant's contention, that Myers by this clause in his policy warranted the safe to preserve the books through the fire, can not be sustained.

But even if we are in error in this view of the law, we think the verdict of the jury must have been the same upon this branch of the case, and therefore no injury is shown to appellant. In submitting the case to the jury the court gave this charge: " But upon the other hand, if the kind of safe used by said Myers was in common use in the country, and reputed to be fire proof, and if the said Myers in good faith actually believed the safe used by him was fire proof, and if the agent of the defendant, at the time he executed the policy of insurance sued on, saw the safe of the said Myers and knew the kind and character thereof, and contemplated and intended that said Myers should keep his books and inventory in said safe in compliance with the provisions of said policy, this would satisfy the stipulation in said policy as to the character of safe in which the said books should be kept." It was thus necessary for the jury, before finding in favor of appellee, to find that the agent of the company, at the time he issued the policy, in effect accepted this particular safe as a compliance therewith. The evidence that the general agent of appellant did more than once after the issuance of the policy expressly agree with Myers that if he kept his books and inventory in this safe it would be a compliance with the policy, is made clear by the testimony of both Myers and the agent, and was undisputed. We see no reason why this clause in the policy, like any other, could not be changed by a subsequent parol agreement between the parties. Cohen v. Ins. Co., 67 Texas, 325; Morrison v. Ins. Co., 69 Texas, 353.

It will be noticed from the conclusions of fact, that appellant was not to be liable for " loss caused by invasion, insurrection, military or usurped power, nor for any loss by fire where such fire is caused by the fall of any building insured, or of any building containing the property insured, or any part of such building." The evidence copied in the conclusions of fact, which is all that was introduced upon the subject, makes it plain that the loss was caused by *fire*, and not by invasion, insurrection, military or usurped power, and also, that the fire *preceded* the fall of any part of the building, and was not caused by its fall. There was, therefore, no error in the failure of the court to submit these excepted causes to the jury. No question should be submitted to the jury for decision

unless there has been sufficient evidence introduced to raise an issue thereon. This is not in conflict with the decision in Insurance Company v. Troy Co-operative Association, 77 Texas, 225. In that case the issue as to whether the fire was caused by a hurricane was sharply made by the evidence.

We are of opinion, on the whole case, that the judgment of the court below should be in all things affirmed.

*Affirmed.*

Delivered September 20, 1893.