Gulf, Colorado & Santa Fe Railway Company v. F. A. Graves.

Decided February 27, 1907.

**Damages—Interest—Charge.**

It was not error, in an action for injury to cattle in transportation, to charge that plaintiff, recovering the amount of their depreciation in value by defendant's wrong, would also be entitled to interest thereon at six percent from the date of the injury.

Appeal from the County Court of Milam County. Tried below before Hon. R. B. Pool.

*J. W. Terry* and *A. H. Culwell,* for appellant.

*Henderson & Lockett,* for appellee.

FISHER, Chief Justice.—We have considered all of the assignments of errors and none are well taken, and we will only specially mention that assignment that complains of the action of the trial court in instructing the jury to allow the plaintiff interest upon the amount of damages sustained to the cattle. We regard this question as conclusively settled by the case of Watkins v. Junker, 90 Texas, 558, and Texas & Pacific Railway Company v. Scharbauer, 52 S. W. Rep., 589, 590. The last case cited was a case similar to this where livestock under contract of shipment was injured; the court instructed the jury that the plaintiff was entitled to interest on the amount of damage sustained. This charge was objected to and the question properly raised by assignments of errors. The Court of Civil Appeals of the Second District expressly ruled upon the question and held that the charge was correct; that the court could, as a matter of law, instruct the jury that in such a case the plaintiff was entitled to interest on the amount of damages sustained. A writ of error was applied for in the case and was refused by the Supreme Court; and, as a matter of precaution, we have examined the application for the writ of error now on file in the Supreme Court, and we find that the question was there distinctly raised. In other words, the application for writ of error contains an assignment complaining of the action of the Court of Civil Appeals in sustaining the charge of the trial court upon this subject. Therefore we must regard the latter case as conclusively settling the question.

We find no error in the record and the judgment is affirmed.

*Affirmed.*