KANSAS CITY, M. & O. RY. CO. v. WEST et al.

(Court of Civil Appeals of Texas. Austin. May 8, 1912. On Motion for Rehearing, June 29, 1912.)

1. CARRIERS (§ 218*) — CARRIAGE OF LIVE STOCK—FEED, WATER, AND REST.

Where, though a shipper of cattle assumed the risk and expense of feeding and watering them while in transit and bound himself to load and unload them, the carrier refused on demand to unload or afford the shipper an opportunity to unload them for food, water, and rest during a delay in transportation, it was liable for injuries caused thereby.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. § 218.*]

2. CARRIERS (§ 213*) — CARRIAGE OF LIVE STOCK—FEED, WATER, AND REST.

That a delay in transporting cattle was due to an unavoidable accident to the carrier's engine did not avoid its liability for its refusal to give the shipper an opportunity to unload the cattle for food, water, and rest, where there were other engines that it might have used to move the cars to a place where the cattle could have been unloaded.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 920–922; Dec. Dig. § 213.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes·

3. TRIAL (§ 139*)—DIRECTION OF VERDICT—POWER OF COURT.

The trial court is never justified in giving a peremptory charge, where reasonable minds might differ respecting a particular issue under investigation.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

4. APPEAL AND ERROR (§ 1060*)—REVIEW—HARMLESS ERROR.

Where the evidence would have warranted a verdict for plaintiff greater than that returned by the jury, defendant was not prejudiced by improper remarks of plaintiff's counsel.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

5. EVIDENCE (§ 244*) — CARRIAGE OF LIVE STOCK—ACTIONS.

In a shipper's action for injuries to live stock, testimony that during a delay in transit the shipper had a conversation over the telephone with some one in the carrier's office relative to unloading the animals for food and water, objected to on the ground that it was not shown that the person answering the telephone was the agent of the company, was properly admitted, where it appeared that the shipper subsequently called at the company's office, found the person with whom he had talked in charge, and then talked over the telephone with the agent of the company, renewing his request that they be unloaded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 916–936; Dec. Dig. § 244.*]

6. CARRIERS (§ 228*) — CARRIAGE OF LIVE STOCK—ACTIONS—EVIDENCE.

In a shipper's action for injuries to live stock for failure to unload them for food and water during a delay in transit, where it appeared that defendant had received the live stock from a connecting carrier and receipted for them prior to the delay, evidence of the usual custom of it and the connecting carrier in regard to delivering cars to each other was immaterial.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

7. APPEAL AND ERROR (§ 1057*)—REVIEW—HARMLESS ERROR.

Where a witness testified without objection to the contents of books kept by him and this testimony was not contradicted, the exclusion of the books themselves was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4194–4199, 4205; Dec. Dig. § 1057.*]

8. TRIAL (§ 256*)—INSTRUCTIONS—REQUESTS—NECESSITY.

Where no request was made that the court state the theory of the defense more fully than as given, its failure to do so was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

9. DAMAGES (§ 67*)—ACTIONS AGAINST CARRIER OF LIVE STOCK.

In a shipper's action for injuries to live stock, it is not error to instruct the jury as a matter of law to award interest in case they find for plaintiff.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 67.*]

On Motion for Rehearing.

10. APPEAL AND ERROR (§ 925*)—RECORD—PRESENTATION OF GROUNDS OF REVIEW.

Under Rev. St. 1895, art. 1361, and rule 59 (67 S. W. xxiv) for district and county courts, requiring bills of exception to state enough of the evidence or facts in the case to explain the rulings excepted to, where a bill of exceptions to alleged improper remarks of counsel does not show that they were not called out by the evidence or in response to argument of the opposing counsel, it will be presumed that counsel complied with rule 39 (67 S. W. xxiii), requiring counsel to confine themselves in argument to the evidence and the argument of opposing counsel.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3729–3734; Dec. Dig. § 925.*]

11. APPEAL AND ERROR (§ 1032*)—CONTENTS IN GENERAL.

A bill of exceptions must disclose sufficient facts to show that the alleged error of the court is not merely an abstract one.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4047–4051; Dec. Dig. § 1032.*]

12. EVIDENCE (§ 471*) — CONCLUSIONS OR FACTS.

In a shipper's action for injuries to live stock, a question asked an experienced cattleman familiar with such shipments as to the market value of the cattle at their destination if handled with reasonable care in the ordinary way was not objectionable as calling for a conclusion as to what was reasonable care.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

Appeal from Brown County Court; A. M. Brumfield, Judge.

Action by Armitt West against the Kansas City, Mexico & Orient Railway Company and another. From a judgment for plaintiff and against the defendant named, it appeals. Affirmed.

H. S. Garrett, of San Angelo, for appellant. T. C. Wilkinson, of Brownwood, for appellees.

RICE, J. This suit was brought by appellee against the Gulf, Colorado & Sante Fé Railway Company and appellant to recover damages sustained by him to a shipment of 143 head of cattle over the lines of said railway companies from Talpa, in Coleman county, to Mary Neal, in Nolan county, claiming that said cattle were injured while in transit by a failure to properly bed the cars, as well as by delay and rough handling, and a refusal, upon demand, to unload said cattle for rest, water, and feed while they were detained for a period of some 12 hours at San Angelo, or afford an opportunity to plaintiff to so unload them for said purpose on account of which four of said cattle died, and the balance of said shipment were injured, by reason of which he was damaged to the extent of $517. It is unnecessary to state the pleadings of the Gulf, Colorado & Santa Fé Railway Company, for the reason that it prevailed in the trial court, from which judgment no appeal has been taken.

Appellant, after a general denial, specially denied that said cattle were delayed or roughly handled by it, or that the same were kept standing in the cars for a longer period than was actually necessary in the practical

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

operation of its trains; that it received said cattle from the Gulf, Colorado & Santa Fé Railway Company in the same cars in which they had been loaded by said company, and, if said cars were improperly bedded and unfit for transportation, it was in no way responsible therefor; that the cattle were shipped by it under a written contract with appellee, by the terms of which it was not bound to transport said cattle within a specified time, and by which appellee agreed to assume all risk and expense of feeding, watering, bedding, and otherwise caring for said stock while in appellant's cars, yards, pens, or elsewhere, binding himself to load and unload the same at his own expense and risk, for which reason he was estopped from claiming any damage growing out of any failure to unload and feed said cattle, if any; that it was not bound to transport said cattle on any special train, for the reason that it only received said shipment at its regular rates, which did not justify transporting them on any special or extra train; that, in compliance with its duty in this respect, it did transport said cattle on the first train leaving San Angelo for Mary Neal, the schedule of which had been duly published in accordance with law. There was a jury trial, resulting in a verdict and judgment against appellant for the sum of $175, with interest thereon, from which this appeal is prosecuted.

The facts, briefly stated, show: That the cattle were loaded at Talpa about 5:30 p. m. on the 19th of July, arriving at San Angelo about 8 o'clock of the same evening, at which time they were delivered to appellant on its transfer track. Appellant's first train was scheduled to leave at 12:10 on said night, but did not do so, owing, as it claimed, to the fact that its engine had been disabled the previous day (which, however, was not pleaded as an excuse for said delay), necessitating repairs, which delayed its departure from San Angelo until 8:45 the next morning, during which time the cattle remained in the cars standing on the track, notwithstanding appellee, on two several occasions, demanded of appellant that they be unloaded for feed, rest, and water. The cars seem to have been improperly bedded, the sand having run through the cracks before reaching San Angelo, by reason of which the cattle were less able to stand, became restless, gored, and injured each other. Four of said cattle died soon after their arrival at destination, and it was shown that the remainder were injured to the extent of $3 per head.

The first assignment insists that the court erred in refusing to instruct the jury to return a verdict for the defendant, as requested by it, on the ground that the undisputed evidence showed that defendant was guilty of no negligence contributing to plaintiff's loss, and cannot be held liable therefor.

And by its propositions thereunder insists, first, that where a railway company maintained a sufficient number of trains, operated according to its published schedule, sufficient to properly handle the traffic ordinarily received by it in the regular course of its business, it will not be guilty of negligence, in the absence of a special contract, in failing to move a shipment of cattle earlier than its first regular scheduled freight train going forward, after the cattle are tendered to it for shipment, where the freight charges fixed therefor by law are insufficient to pay the operating expenses of a special train, economically handled in the ordinary manner; and, second, where such train is prevented from going forward according to the regular published schedule by an accident which could not have been foreseen, anticipated, or avoided by the exercise of reasonable care, such railway company will not be guilty of negligent delay; and, third, where a connecting carrier enters into a special contract with the shipper to transport cattle over its line in the same cars in which they were loaded by the originating carrier, by which contract the shipper assumes all risk and expense of feeding, watering, bedding, and otherwise caring for said shipment, and undertakes to load and unload the same at his own expense and risk, where the shipper makes no request for unloading or rebedding at the time or subsequent to the execution of said contract, and does not attempt in any way to avoid the effect of the same, he cannot hold such connecting carrier liable for injuries, if any, caused to the cattle while at the connecting point before such contract is executed and while the cattle were en route over its line, by reason of any alleged defective condition of said cars or improper bedding.

[1] We think said peremptory charge was properly refused, because it wholly ignored plaintiff's right to recover in the event the jury should believe that appellant had refused to unload said cattle after a demand had been made upon it so to do by him. Notwithstanding the contract of shipment provided that he had assumed all risk and expense of feeding and watering said cattle and bound himself to load and unload the same, still, where the evidence, as in the instant case, shows a refusal on the part of the carrier, upon demand, to unload, or afford plaintiff an opportunity to unload the same for feed, water, and rest, and injury is occasioned thereby, the carrier is properly held responsible therefor. I. & G. N. R. R. Co. v. Lewis, 23 S. W. 323; 2 Hutchinson on Carriers, §§ 645, 646, 659.

[2] And this is true, we think, notwithstanding the fact that the delay might have been occasioned by some unavoidable accident to appellant's engine. Besides this, notwithstanding the fact that the appellant may have had no engine to take the cattle

out at the time of their arrival, still this did not show that it was unable to properly care for them during the delay occasioned thereby. It seems that notwithstanding the accident this engine arrived at San Angelo only 20 minutes late. San Angelo was the terminus, yet it appears that appellant had no switch engine there. During the delay one or more of its passenger engines were shown to have been there. Certainly these cattle might have been moved from the transfer track or unloaded, notwithstanding this accident to its engine, by the use of reasonable diligence.

[3] Apart from this, a trial court is never justified in giving a peremptory charge where reasonable minds might differ with reference to the particular issue under investigation, for which reasons we overrule this assignment.

[4] While it was improper for counsel for plaintiff in addressing the jury to make the remarks complained of in the second assignment, yet, in view of the fact that the jury returned a verdict for only $175, whereas, under the evidence, a greater verdict might have been recovered, we are inclined to believe that no prejudice is shown by reason thereof, and overrule the assignment complaining of this matter.

[5] Soon after the cattle arrived at San Angelo plaintiff testified that he ascertained that they would not be shipped out until after 12 o'clock that night, whereupon he called up by telephone the office of both the Santa Fé and the Orient Railway Companies, demanding that they unload his cattle or give him an opportunity to do so, whch request was refused. This evidence was objected to on the ground that it was not shown that the party answering the phone was the agent of the company and authorized to bind it, which objections were overruled, and this forms the basis for the third and fourth assignments of error. It appeared from the evidence that the party answering the phone was the night clerk in the office of appellant, and that soon after the phone conversation plaintiff called at the office of the company, where he found the party with whom he had talked over the phone in charge of the office, who at his request gave him the phone number of the agent with whom he talked, requesting that his cattle be unloaded, but got no satisfaction. We think these facts justified the admission of this testimony, for which reason said assignments are overruled. See G., C. & S. F. Ry. Co. v. Cunningham, 51 Tex. Civ. App. 368, 113 S. W. 774.

The plaintiff was an experienced cattleman, and was shown to have frequently shipped cattle, and to have been familiar with their market value at the point of destination. He was asked by his counsel the following question: "Considering the condition of the cattle when they left Talpa and the wear and tear incident to their trip of 100 miles, the ordinary wear and tear, the way

149 S.W.—14

they are handled with reasonable care, or in the ordinary way, we will say, was there a market for these cattle at Mary Neal and in that section?" Objection was made to this question on the ground that it assumed that said cattle should have gotten there in good condition, predicating the question on a supposition based on a mixed question of law and fact, for which reason it was improper. This objection was overruled. The witness, without answering, was thereupon asked, "What could they have been sold for at that time?" To which he answered: "Twenty-six dollars a head anyhow." In the first place, it appears that the witness did not answer the question propounded, to which objection was made; but, even if it be so considered, we think the question was proper. It did not call for his opinion upon any mixed question of law and fact, as was done in the case of H. & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808, relied upon by counsel for appellant, where the witness was asked, after stating his experience, what, in his opinion, was a reasonable time within which to transport a train of cattle from Llano to Fairfax, when they are transported with ordinary care and diligence. Here it appeared that the witness knew the exact condition of the cattle when they left Talpa. He was merely requested to state whether or not there was a market value for these cattle at Mary Neal, and what said market value would have been, if they had been handled in the usual or ordinary way in transit. (The question assuming that they were handled in the ordinary way, and taking into consideration the wear and tear incident to such a trip.) It seems to us that an experienced cattleman, who had frequently shipped cattle and who knew the condition of the cattle when shipped, and who was shown to have known their market value at destination, ought to be allowed to give his opinion as to what such market value would be, provided they had been handled with reasonable care or in the ordinary way, and that to allow such an answer would not infringe the rule laid down in the case last above cited. We therefore overrule the fifth and sixth assignments of error, presenting substantially the same question.

[6] The seventh and thirteenth assignments are not regarded as well taken, because they seek to raise questions arising as between appellant and its connecting carrier, and do not concern this appeal. Besides, it appears that appellant received and receipted for said cattle to the Santa Fé at 9 o'clock of the evening upon which they reached San Angelo, so that it became immaterial as to what their usual custom was with reference to delivering cars to each other.

[7] We do not think the court erred in excluding the ex parte expense bills offered by appellant; nor do we think that the court erred in excluding the train book kept by the witness Douglas. He had been allowed to

testify, without objection, to the contents of the book, and there was no evidence offered contradicting his testimony in this respect. The error, if any, was therefore harmless.

[8] It is urged that the court erred in that portion of its charge wherein it undertook to state the issues, in that the same is not as full as it should have been in stating the theory of appellant's defense. If appellant desired a fuller statement than that given by the court, this being a matter of mere omission, a fuller statement should have been requested by it, which was not done. G., H. & S. A. Ry. Co. v. Smith, 24 Tex. Civ. App. 127, 57 S. W. 999; G. H. & H. Ry. Co., v. Alberti, 47 Tex. Civ. App. 32, 103 S. W. 699. We think the proper measure of damages was given, for which reason the criticism of the court's charge in this respect is not tenable.

[9] The petition claimed that plaintiff was damaged in a certain amount, asking judgment therefor, together with 6 per cent. interest thereon from the time of the injury. The court in its charge instructed the jury that, if they should find a verdict for the plaintiff, they should allow him 6 per cent. interest on the amount so found from July 20, 1910, to the present time. This is assigned as error. Our Supreme Court, however, has approved a similar charge, holding that it was proper for the court, where the pleadings authorized it, in the event of a recovery in a suit for damages, to direct the jury to find as matter of law that plaintiff was entitled to interest upon such damages, and for them to so find; for which reason we overrule this assignment. Watkins v. Junker, 90 Tex. 584–588, 40 S. W. 11; T. & P. Ry. Co. v. Scharbauer, 52 S. W. 589; G., C. & S. F. Ry. Co. v. Batte, 94 S. W. 345; G., C. & S. F. Ry. Co. v. Graves, 45 Tex. Civ. App. 375, 101 S. W. 488.

The remaining assignments have been embraced in those already considered, for which reason they are not again discussed.

Finding no error in the proceedings of the trial court, its judgment is in all things affirmed.

### On Motion for Rehearing.

While we are inclined to believe that our original opinion is sufficiently full to negative the idea that any error was committed in the affirmance of the judgment in this case, still, in view of the strenuous contention made by appellant in its motion for rehearing, to the effect that the court erred in not sustaining its second, fifth, sixth, and eleventh assignments of error, relating to alleged misconduct of counsel for appellee in presenting the case to the jury, the admission of certain evidence, as well as the charge of the court with reference to the measure of damages, we desire to add the following:

[10] 1. That the remarks of counsel for plaintiff were not abusive toward nor denunciatory of appellant; nor is it shown that they were not provoked by or in response to argument of counsel for defendant. For all that we know, these remarks may have been justified by something said by counsel on the other side. It is true that the rules require that counsel confine themselves to the evidence, and to argument of opposing counsel. Rule 39 (67 S. W. xxiii). It must be presumed, however, in the absence of a showing to the contrary, that counsel for plaintiff did this. The bill of exceptions merely states the remarks made, without negativing the idea that they may have been called forth either by the evidence or in response to argument by opposing counsel. The bill is fatally defective in these particulars, merely stating the remarks of counsel. To be sufficient, it must state enough of the evidence or the facts proved in the case to make intelligible the ruling of the court excepted to. Rule 59 (67 S. W. xxiv). While our statute prescribes that no particular form of words shall be required in the bill of exception, still the objection to the ruling or action of the court shall be stated with such circumstances or so much of the evidence as may be necessary to explain the ruling. Rev. Stat. art. 1361. To the same effect is the case of Griffin v. Chadwick, 44 Tex. 408, where it is said: "When objections are taken to the ruling of the court which do not ordinarily form a part of the record, not only must the exception be taken and presented by a formal bill of exception, but all the facts and circumstances pertinent to the exception and necessary to enable this court to properly understand and determine the questions decided by the court below should be set forth in the bill."

[11] The bill must disclose sufficient facts to show that the supposed error of the court is not merely an abstract one. See Litten v. Thompson, 2 U. C. 577.

[12] 2. With reference to the question raised by the fifth assignment, we desire to say, in addition to what has already been stated in the original opinion, that the question propounded was not objectionable for the reason that, as finally asked, it did not call for any expression of opinion from the witness West with reference to reasonable care in handling said shipment; and with this phase eliminated, it in effect sought to elicit his opinion as to the market value of the cattle at Mary Neal, when they were handled in the ordinary way, it appearing that he was an experienced cattleman, familiar with such shipments, and therefore did not invite any expression by him as to what was or was not reasonable care, for which reason we think the case is distinguishable from the cases of H. & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808, and H. & T. C. Ry. Co. v. Davis, 50 Tex. Civ. App. 74, 109 S. W. 423.

3. While the court did charge as complain-

ed of by appellant with reference to the measure of damages, still, immediately following the expressions complained of, the court said in this connection: "If you believe that any of said cattle died from the injuries they sustained, you will award to plaintiff the reasonable value of said cattle at said town of Mary Neal, Tex., at the time of their arrival there, and in the condition in which they would have arrived, but for defendant's negligence, if any; and, if you believe from the evidence that any other of said cattle were injured, you will award to plaintiff the difference in the value at said town of Mary Neal of said cattle so injured at the time of their arrival there, and in the condition in which they arrived, and their value at said time and place in the condition in which they would have arrived there, but for the defendant's negligence, if any." In view of this direct application of the law to the facts, we think the statement preceding this could not have misled the jury.

After mature consideration of the matters presented by the motion for rehearing, we regard it as not well taken, for which reason the same is in all things overruled.

Motion overruled.