**GENERAL EXCHANGE INS. CORPORA-
TION v. ARNOLD et al.**

No. 10822.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 8, 1941.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellant.

Lloyd & Lloyd, of Alice, for appellees.

MURRAY, Justice.

Cecil W. Arnold instituted this suit against General Exchange Insurance Corporation, General Motors Acceptance Corporation, and Emmett West Motors, seeking to recover against General Motors Acceptance Corporation upon a policy of insurance issued by General Exchange Insurance Corporation, covering one 1937 two-door touring sedan Pontiac automobile, which automobile is alleged to have been of the value of $1,100, and to have been totally destroyed by fire on March 23, 1938. In the alternative the automobile was alleged to have been damaged in the sum of $1,050. Emmett West and Yeager Armstrong, composing the firm of Emmett West Motors, were named as defendants, but filed disclaimers and need not be further noticed. General Motors Acceptance Corporation, also named as a defendant, answered setting up the fact that it held a mortgage upon the automobile involved and was entitled to recover out of the proceeds of the insurance policy the sums due it before Cecil W. Arnold would be entitled to any recovery against the insurance company.

The trial was to a jury and upon the verdict and certain stipulations of the parties the court rendered judgment in favor of General Motors Acceptance Corporation and against General Exchange Insurance Corporation in the sum of $724.65, being the amount of principal, interest and attorney's fees due upon the note and mortgage held by General Motors Acceptance Corporation against the vehicle involved in the suit, and in favor of Cecil W. Arnold against General Exchange Insurance Corporation in the sum of $199.67.

From this judgment General Exchange Insurance Corporation has prosecuted this appeal.

Appellant's first contention is that his general demurrer should have been sus-

tained because appellees' first amended original petition did not negative the exclusions of liability contained in the policy of insurance.

It is apparent from the record that General Motors Acceptance Corporation was attempting to recover in this case a sufficient portion of whatever might be recovered on the policy to satisfy the note and mortgage held by it against the automobile that had been destroyed by fire. It did not file an independent cross-action against General Exchange Insurance Corporation, but sought to recover only in the event Arnold recovered. The judgment contained the following stipulation of the parties: " * * * and came the parties and stipulated by and between themselves that the Defendant, General Motors Acceptance Corporation, is entitled to recover upon its cross-action filed herein the sum of Seven Hundred Twenty-four & 65/100 ($724.65) Dollars, being principal, interest and attorney's fees upon the note and mortgage held by said Defendant against the vehicle involved in this suit * * *."

This agreement is not challenged in any way and stands as an admission by General Exchange Insurance Corporation that the automobile was covered by their policy and that the fire was not one for which liability was excluded by the "exclusions" contained in the policy. It further appears that the judgment was based in part upon this stipulation of the parties. General Exchange Insurance Corporation having entered into this stipulation is in no position to insist that its general demurrer should have been sustained. General Exchange Ins. Corporation v. Appling, Tex. Civ.App., 144 S.W.2d 699.

 Appellant next contends that the judgment should be reversed because counsel for appellee Arnold, while making his opening argument to the jury, made the following statement: that he believed that the plaintiff (appellee) would not tell an untruth, and further that he did not believe that the plaintiff burned his automobile. Appellant objected to the argument, which objection was sustained and the jury instructed as follows: "You are instructed not to consider the statement of counsel as to his belief."

In view of the fact that this argument was made during the opening argument, was objected to, and the jury instructed not to consider it, and the further fact that the bill of exception does not show the cir-

cumstance under which the argument was made (whether it was based upon the evidence, provoked by opposing counsel), we conclude that this proposition should be overruled. 3 Tex.Jur. par. 451, p. 644; Kansas City, M. & O. Ry. Co. v. West, Tex.Civ.App., 149 S.W. 206, 207; 4 Tex. Jur. par. 261, p. 389 et seq.

Appellant next complains that the jury's answer to issue No. 4, to the effect that no damage was done to plaintiff's vehicle by having the rod thrown through the block, was contrary to the uncontroverted evidence and therefore could not support any judgment.

Issue No. 4 was merely an evidentiary issue and therefore immaterial. The jury found the value of the automobile immediately before the fire and, by stipulation, the parties agreed upon the value after the fire, thus the proper measure of the damage to the car was established and it becomes immaterial whether a bolt had been thrown through the block prior to the fire and the amount (if any) of the damage done thereby.

The judgment is affirmed.