VICTORY TRUCK LINES, Inc. v. BROOKS.

No. 6409.

Court of Civil Appeals of Texas. Texarkana.

Nov. 18, 1948.

Rehearing Denied Jan. 20, 1949.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, and T. C. Chadick, of Quitman, for appellant.

Jones & Jones, of Mineola, for appellee.

WILLIAMS, Justice.

No attack is made upon the findings of the jury that a large truck owned and operated by appellant, Victory Truck Lines, Inc., the defendant below, was parked on an incline of Highway 80 in Mineola, Texas, without its brakes being properly applied which permitted the truck to roll down and crash into a store building owned and occupied by Ernest Brooks, the plaintiff below. The findings of the jury on specific items of alleged damages aggregated $6,035, the amount of the award.

Three of the five points presented relate to submission of issues Nos. 5, 6 and 16, the others to argument of counsel. Appellant asserts that issues Nos. 5 and 6 did not submit the correct measure to guide the jury in assessing damages to the building. The jury answered $2,750 to special issue No. 5, reading:

"What sum of money, if any, do you find from a preponderance of the evidence, the plaintiff has expended for necessary repairs to the buildings, if there were any, as a result of said crash?"

The jury answered $1,000 to special issue No. 6, reading:

"What additional sums of money, if any, do you find from a preponderance of the evidence, will be necessary for plaintiff to expend as a result of said crash to place said buildings in the same condition as they were immediately prior to the crash?"

Plaintiff testified he had employed different men, supposed to be good carpenters to work on the roof but they hadn't stopped the leaks. One carpenter described the repairs he made due to the alleged faulty work of a former employee. It is to be noted that issue No. 5 inquired of the jury, "What sum of money * * * do you find * * * the plaintiff has expended for necessary repairs * * *" Appel-

lant says this permitted the jury to award damages for repairs that may have been done, but improperly done.

According to the evidence, the cost of labor and materials in the construction or repair of buildings had materially advanced between August, 1946, the date of the crash, and February, 1948, the date of the trial. Complaint is made that special issue No. 6 should have confined the costs of any future repairs to the period immediately following the accident; that the issue as framed permitted the jury to base its verdict on the cost of repair as of the time of the trial. It is the general rule that such inquiries as to values or the costs for necessary repairs are usually confined to the time of injury and in the locality where it occurred, as illustrated in State v. Hale, 136 Tex. 29, 146 S.W.2d 781, 734, 13 T.J. (Damages) Sec. 62, and authorities there collated. If under the evidence here involved the usual rule should be extended to include a reasonable time after the accident, special issue No. 6 did not so confine the inquiry. To permit an estimate to be on costs of future necessary repairs sixteen months later or longer is not a reasonable time.

It is to be noted that in response to special issues Nos. 5 and 6 the jury assessed the damages to the building at $3,750. The respective sums as plead for the various items of damages to the building totaled $3,433.99. This was the same itemized list of damages as made by plaintiff's contractor who inspected the building shortly after the crash. The estimate according to the testimony given by him in the trial was grounded on an item of $960 for certain weight roofing whereas a replacement of the grade of roofing on the roof would run only $420. His estimate included the loss of four doors at a cost of $140, whereas as at time of trial only one door had been replaced. He included in his estimate an item for rebracing the roof over the show room which he testified was merely his guess, and for which he detailed no tangible items with which to support such amount. A building contractor employed by defendant in his testimony itemized the various damages in

the total sum of $1,355. The cancelled checks and cash book offered by plaintiff in support of his claim that he had already spent $3,000 on the building, being commingled with payment of salaries and items to employees in his business, in the final analysis afforded no definite basis to calculate the cost for necessary repairs. If plaintiff sought damages for permanent injuries in addition to the original estimate of $3,433.99, he did not request and no such issue was submitted.

From the foregoing summary of the nature of the proof of damages it is to be observed that the $3,750 allowed for damages to the building exceeds the estimate furnished by the contractor, and materially exceeds such amount when or if the items pointed out above are deducted from the original estimate. Under above observations this court concludes and so holds that the vice in special issue No. 6 as urged, when considered with the criticism urged against special issue No. 5, was reasonably calculated to cause and probably did cause an excessive award with respect to the damages to the building. The conclusions above reached renders unnecessary a discussion of the other points presented.

The judgment is reversed and the cause is remanded.